Office of Court Management
Fiscal Affairs Department
**ORDER FORM**

FA-02

**INTERNAL SEQUENCE NUMBER** 2023 ___ - _165_ - A
Calendar Year – Chronological Seq.

**Court Department:** SUPERIOR COURT      **Court Division:** SUFFOLK CIVIL

**Organization:** TRC 1330      **Phone Number:** 617-788-7631, 617-788-7614

**Court Office: (CHECK ONE →)** ■ Clerk-Magistrate  □ Register of Probate  □ Land Court Recorder

**Name of Payor:** Mintz Levin      **Address of Payor (if applicable)** _____

**Date of Request:** 4/7/23

**Cashier's Initials:** _____

**Case Number:** 23 CV 12357

**Case Name:** Anderson vs. JRK Property

**MASSCOURTS RECEIPT #** _____

**(To be completed once receipted in MassCourts)**

CHECK ONE ↓:

□ Cash _____ □ Other _____

□ Check _____

□ Credit Card _____

| Quantity | Service/Item | Per Unit Cost | Service/Item Subtotals |
|---|---|---|---|
| N/0 | Copies | $ 2.50 | $ _____ |
| _____ | Tapes | $ _____ | $ _____ |
| _____ | Civil Summons | $ _____ | $ _____ |
| _____ | Hospital Records | $ _____ | $ _____ |
| _____ | Certificate of Judgement | $ _____ | $ _____ |
| _____ | Transcripts | $ _____ | $ _____ |
| _____ | Notary Certificates | $ _____ | $ _____ |
| _____ | Depositions | $ _____ | $ _____ |
| _____ | Certified copy | $ _____ | $ _____ |
| _____ | Other: _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |

**Total Paid for All Services/Items:** $ 100

617-542-6000
Called and left un email & vm 4/7/23
to Atty Browne
& Atty Tubb

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

Superior Court Department

No. 23—0357-BLS2

| | |
|---|---|
| EMILY ANDERSON, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| JRK PROPERTY HOLDINGS, INC., JRK RESIDENTIAL GROUP, INC., UTILITY BILLING, INC., and TEWKSBURY APARTMENTS PROPERTY OWNER, LLC, | ) ) ) ) ) ) |
| Defendants | ) ) ) |

2023 FEB -9  A 9: 24

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

## CLASS ACTION COMPLAINT AND JURY DEMAND

### Introductory Statement

Massachusetts General Laws Chapter 186, § 22, and the Massachusetts Sanitary Code impose strict requirements on residential landlords who choose to bill tenants for water and sewer service measured by submeters installed in their apartments. Plaintiff was a tenant at an apartment complex in Tewksbury, Massachusetts, that was owned, operated, and managed by Defendants, during which time her rights were violated in multiple respects with respect to the sub-metering of water and sewer service. These violations resulted from standard business practices employed by Defendants at the Tewksbury complex and other residential apartment properties in Massachusetts, and the violations are continuing.

## Parties

1.      Plaintiff Emily Anderson is an individual who resides in Lowell, Middlesex County, Massachusetts.

2.      Defendant JRK Property Holdings, Inc. ("JRK Holdings") is a California corporation that has conducted business in Massachusetts and is registered to conduct business in Massachusetts, with a principal place of business at 11766 Wilshire Boulevard, Suite 1500, Los Angeles, California.

3.      Defendant JRK Residential Group, Inc. ("JRK Group") is a Nevada corporation that has conducted business in Massachusetts and is registered to conduct business in Massachusetts, with a principal place of business at 11766 Wilshire Boulevard, Suite 1500, Los Angeles, California.

4.      In this complaint JRK Holdings and JRK Group are referred to collectively as the "JRK entities."

5.      Defendant Utility Billing, Inc. ("Utility Billing") is a California corporation that has conducted business in Massachusetts and is registered to conduct business in Massachusetts, with a principal place of business at 11766 Wilshire Boulevard, Suite 1500, Los Angeles, California.

6.      Defendant Tewksbury Apartments Property Owner, LLC ("TAPO") is a Delaware limited liability company that has conducted business in Massachusetts and is registered to conduct business in Massachusetts, with a principal place of business at 11766 Wilshire Boulevard, Suite 1500, Los Angeles, California.

7.      At times relevant to this complaint TAPO was the record owner of an apartment complex in Tewksbury, Massachusetts, known as "The Residences at Tewksbury

Commons" (the "Property").

## Facts

8.      Plaintiff, along with three other individuals (the "co-tenants"), entered into an "Apartment Lease Contract" dated October 2, 2020, to rent an apartment at the Property (the "Unit).

9.      Plaintiff and her co-tenants moved into the Unit on or about October 15, 2020.

10.     On or about September 14, 2021, Plaintiff and her co-tenants entered into a second "Apartment Lease Contract" to continue renting the Unit.

11.     The two apartment lease contracts entered into by Plaintiff and her co-tenants are Collectively referred to herein as the "Lease."

12.     Plaintiff and her co-tenants resided in the Unit until on or about January 16, 2022, when they were forced to vacate due to a ruptured water pipe that rendered the Unit uninhabitable.

13.     The period of time during which Plaintiff and her co-tenants resided in the Unit is referred to herein as the "Tenancy."

14.     The Lease misidentified the record owner of the Property as DSF IV Tewksbury Owner, LLC ("DSF"), which entity had changed its name to TAPO some three years prior to the Tenancy.

15.     TAPO was formed by one or both of the JRK entities for the purpose of holding title to the Property for the benefit of the JRK entities.

16.     At all relevant times TAPO and the JRK entities operated from the same Los Angeles business office, and the three entities shared many if not most of the same officers and directors.

17.    On information and belief, during the Tenancy TAPO had no employees.

18.    On information and belief, during the Tenancy TAPO's rental operations, policies, and procedures – including those concerning water and sewer sub-metering - were formulated, implemented, directed, and/or ratified by the JRK entities.

19.    During the Tenancy, the Property was managed by JRK Group on behalf of JRK Holdings and TAPO.

20.    At all relevant times, Utility Billing operated from the same office as the JRK entities and TAPO and shared many, if not most, of the officers and directors of said entities.

21.    Utility Billing was formed by one or both of the JRK entities to perform sub-metering services at JRK rental properties, including but not necessarily limited to maintaining and verifying sub-meter functionality, measuring sub-metered water and sewer service, and calculating and billing tenants for sub-metered water and sewer service charges.

22.    Utility Billing carried out the aforesaid sub-metering services at JRK rental properties in Massachusetts in its capacity as agent for the JRK entities and the record owners of rental properties, including TAPO.

23.    At all relevant times, Utility Billing calculated sub-metered water and sewer charges and issued monthly sub-metered bills to Plaintiff and other tenants of the Property for said charges.

24.    The Lease contained an addendum entitled "Utility for Water, Sewer, Gas, Trash and Electric Service," a true copy of which is appended hereto as Exhibit 1.

25.    Exhibit 1 states in pertinent part that the water and sewer service provided to the

4

Unit was to be "paid by you, through an approved sub-meter to us."

26.     The Lease contained another addendum entitled "Water/Sewer Usage Addendum," a true copy of which is appended hereto as Exhibit 2.

27.     Exhibit 2 references the Massachusetts water submetering statute (the "Act") and states in pertinent part that "a water sub-meter has been installed to measure the water usage in the apartment" and that Plaintiff would be billed monthly for sub-metered water and sewer charges by Utility Billing, TAPO's billing agent.

28.     Exhibit 2 states in pertinent part that "[l]andlord shall be obligated to maintain the sub-meter system in good working order in accordance with the provisions of the State Sanitary Code."

29.     The landlord was contractually obligated to provide water and sewer submetering services to Plaintiff and her co-tenants and to charge for same in conformity with the Massachusetts Sanitary Code and the Massachusetts water submetering statute, M.G.L. c. 186, § 22.

30.     On the date the Tenancy commenced, M.G.L. c. 186, § 22(e) and the Lease required the landlord to ensure that all water conservation devices in the Unit (such as low-flow showerheads and low-flush toilets) were functioning properly at the commencement of a tenancy.

31.     On information and belief, Defendants did not ensure that all of the Unit's water conservation devices were functioning properly at the commencement of the Tenancy.

32.     On the date when the Tenancy commenced, M.G.L. c. 186, § 22(h), provided:

> When a tenancy in a dwelling unit commences after the beginning, but before the end, of a billing period for which the landlord has not been billed by the water company, the landlord shall mail to the tenant on the first day of such tenancy the reading on the submeter for the dwelling unit as of that

day. The landlord may thereafter bill the tenant only for the water measured on the submeter subsequent to such reading.

33.    Exhibit 2 states in pertinent part that "If your Lease starts after the beginning but before the end of the water company billing period, Landlord shall mail to Tenant on the first day of such term the sub-meter reading for the Premises as of the Lease commencement day."

34.    At all times relevant to this complaint, the Town of Tewksbury Water and Sewer Division (the "Division") supplied water service and sewer service to the Property and was a "water company" within the meaning of the Lease and M.G.L. c. 186, § 22(a)

35.    The Tenancy commenced after the beginning, but before the end of, a Division billing period; however, the submeter reading notice required by § 22(h) and the Lease was not mailed to Plaintiff or her co-tenants on the first day of the Tenancy.

36.    At all relevant times, M.G.L. c. 186, § 22(f) and the Lease required that each sub-metered bill set forth the charge per unit of water service and sewer service. None of the sub-metered bills issued to Plaintiff set forth the charge per unit of sewer service.

37.    At all relevant times, M.G.L. c. 186, § 22(g) and the Lease required that charges per unit of water service and sewer service billed to tenants be calculated on the basis of information contained in water and sewer bills issued to the landlord for the same billing periods.

38.    At all relevant times, municipal bills for water and sewer services supplied to the Property were issued three times per year.

39.    Defendants failed to comply with the "same billing period" requirement of § 22(g) and the Lease in calculating the charges per unit of water service and sewer service on which Plaintiff's sub-metered bills were based.

40.    At all relevant times, M.G.L. c. 186, § 22(c) and the Lease prohibited a landlord from charging a tenant for sub-metered water and sewer usage except in accordance with § 22.

41.    As a result of Defendants' misconduct and violations of law set forth above, amounts charged to Plaintiff for sub-metered water charges and sewer charges were unlawful, inaccurate and/or excessive.

42.    Plaintiff paid all of the sub-metered water and sewer charges billed to her in connection with the Tenancy.

### Class Action Allegations

43.    Plaintiff brings this action on behalf of herself and classes of persons similarly situated which, pending further investigation and discovery, are initially defined as follows:

Class A (count I) is comprised of all persons who leased apartments in JRK Holdings properties located in Massachusetts sub-metered for water and sewer service whose tenancies commenced after the beginning but before the end of a billing period for which Defendants had not yet been billed by the Division, who according to Defendants' contemporaneous records were not mailed the apartment's submeter reading as of the commencement dates of the tenancies, and whose first sub-metered bill was issued by Utility Billing on or after six years prior to the filing of this action. A sub-class (counts II and III) is comprised of Class A members whose first sub-metered bill was issued on or after four years prior to the filing of this action.

Class B (count IV) is comprised of all persons who leased apartments in JRK Holdings properties located in Massachusetts sub-metered for water and sewer service, whose submeters are not shown by Defendants' contemporaneous records to have been functioning properly as of the commencement dates of the tenancies, and who on or after six years prior to the filing of this action paid all or part of a sub-metered water or sewer bill issued to them by Utility Billing. A sub-class (counts V and VI) is comprised of Class B members who paid all or part of such bill on or after four years prior to the filing of this action.

Class C (count VII) is comprised of all persons who leased apartments in JRK Holdings properties located in Massachusetts sub-metered for water and sewer service, and who on or after six years prior to the filing of this action were issued a sub-metered sewer bill by Utility Billing that did not disclose charges per unit of

sewer service and paid all or part of any such bill. A sub-class (counts VIII and IX) is comprised of Class C members who paid all or part of such bill on or after four years prior to the filing of this action.

Class D (count X) is comprised of all persons who leasedapartments in JRK Holdings properties located in Massachusetts sub-metered for water and sewer service, and who on or after six years prior to the filing of this action were issued a sub-metered bill by Utility Billing whose charges per unit of water and sewer service were not based on Division charges for water and sewer service provided to the Property for the same billing period. A sub-class (counts XI and XII) is comprised of Class D members who were issued such bill on or after four years prior to the filing of this action.

A "TAPO" sub-class of each of the above classes and sub-classes is comprised of persons who were lessees at the Property, to whom TAPO is alleged to be jointly and severally liable with other defendants.

Excluded from each class and sub-class are current and former officers, directors, employees, and agents of Defendants; any judge who has occasion to hear or act on any matter involving this case and said judge's immediate family members; and persons who have released one or more Defendants from one or more claims asserted.

44.    At all relevant times, there were hundreds – if not thousands - of rental apartment units in Massachusetts under the ownership, management, and control of the JRK entities for which Utility Billing was delegated to provide sub-meter maintenance, verification, measurement, and billing services. Therefore, each class and sub-class are sufficiently numerous such that joinder is impracticable

45.    There are questions of law and fact common to the classes and sub-classes which predominate over any questions affecting only individual members. The principal common questions are whether JRK properties in Massachusetts (including the Property) were jointly owned, operated, and managed as alleged; whether Utility Billing acted as agent for the JRK properties (including the Property); whether Defendants employed identical or substantially similar standard lease forms (including relevant addenda) during the class periods; whether Defendants breached the leases of class members as alleged; whether

Defendants engaged in one or more of the allegedly unlawful business practices during the class periods; whether Defendants were engaged in trade or commerce in Massachusetts; whether Defendants' violations of Chapter 93A were willful or knowing in nature; and whether Defendants are jointly and severally liable for the alleged violations and resulting harm.

46.    Plaintiff's claims are typical of the claims of class and sub-class members. All claims arise from the same operative facts and are based on the same legal theories.

47.    Plaintiff will fairly and adequately protect the interests of class and sub-class members. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling landlord-tenant, consumer protection, and class action litigation. Neither Plaintiff nor counsel have any interests that might cause them not to vigorously and competently prosecute this action.

48.    A class action is superior to other methods for the fair and efficient adjudication of this controversy, as the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, rendering it impractical and economically unfeasible for class members to seek redress individually. In addition, a class action is necessary to vindicate the rights of persons who are unaware they have claims against Defendants.

49.    A class action is also a superior method for resolving this controversy because the prosecution of separate actions by individuals would create a risk of inconsistent or varying adjudications which might establish incompatible standards of conduct for Defendants.

50.    There are no unusual or extraordinary difficulties likely to be encountered by the Court in managing this case as a class action.

**Failure to Mail Initial Sub-Meter Readings**

### COUNT I
### Breach of Contract

51.     The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

52.     Defendants breached the Lease by failing to mail to Plaintiff or any of her co-tenants, on the commencement date of the Tenancy, the Unit's submeter reading as of the commencement date of the Tenancy.

53.     As a result of said breach, Plaintiff suffered financial loss.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

### COUNT II
### M.G.L. c. 186, §§ 22(h) and (c)

54.     The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

55.     Defendants violated M.G.L. c. 186, § 22(h), by failing to mail to Plaintiff or any of her co-tenants, on the commencement date of the Tenancy, the Unit's submeter reading as of the commencement date of the Tenancy.

56.     Under M.G.L. c. 186, § 22(c), all water and sewer charges set forth in the first sub-metered bill issued to Plaintiff were unlawful, as a result of which Plaintiff suffered financial loss.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and

severally, awarding damages or restitution, enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

## COUNT III
### M.G.L. c. 93A § 2

57.     The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

58.     Defendants' unlawful conduct as set forth above violated M.G.L. c. 93A, § 2, and was knowing or willful in nature.

59.     As a result of Defendants' unlawful conduct, Plaintiff suffered financial loss.

60.     On October 6, 2022, Plaintiff – through counsel – sent Defendants a written demand for relief pursuant to M.G.L. c. 93A, § 9, which demand reasonably described the allegedly unfair and/or deceptive acts and practices and injuries suffered and demanded class wide relief.

61.     Defendants received Plaintiff's demand on October 12, 2022, but failed to make any response within thirty days of receipt, much less a response that constituted a reasonable written tender of settlement.

62.     Defendants' failure to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated M.G.L. c. 93A, § 9.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding actual damages or $25.00, whichever is greater; doubling or trebling all actual damages awarded; rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as

this Court deems fair and just.

### Failure to Verify Functionality of Water Conservation Devices

## COUNT IV
## Breach of Contract

63.     The allegations of all preceding paragraphs are restated and incorporated herein as
if fully set forth.

64.     Defendants breached the Lease by failed to ensure that the Unit's water conservation
devices were functioning properly on the commencement date of the Tenancy.

65.     As a result of said breach, Plaintiff suffered financial loss.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and
severally, awarding damages or restitution, enjoining Defendants from continuing to
engage in the unlawful conduct complained of; awarding interest, costs, and reasonable
attorney's fees, and awarding such other relief as this Court deems fair and just.

## COUNT V
## M.G.L. c. 186, §§ 22(e) and (c)

66.     The allegations of all preceding paragraphs are restated and incorporated herein as
if fully set forth.

67.     Defendants violated M.G.L. c. 186, § 22(e), by failing to ensure that the Unit's water
conservation devices were functioning properly on the commencement date of the
Tenancy.

68.     Under M.G.L. c. 186, § 22(c), neither Plaintiff nor any of her co-tenants could be
lawfully billed for sub-metered water or sewer usage.

69.     Plaintiff suffered financial loss by paying water and sewer charges unlawfully
billed to her.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and

severally, awarding damages or restitution; rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

**COUNT VI**
**M.G.L. c. 93A, § 2**

70.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

71.    Defendants' misconduct as set forth above violated M.G.L. c. 93A, § 2, and was knowing or willful in nature.

72.    Plaintiff suffered financial loss by paying water and sewer charges unlawfully billed to her.

73.    On October 6, 2022, Plaintiff – through counsel – sent Defendants a written demand for relief pursuant of M.G.L. c. 93A, § 9, which demand reasonably described the allegedly unfair and/or deceptive acts and practices and injuries suffered, and demanded class wide relief.

74.    Defendants received Plaintiff's demand on October 12, 2022, but failed to make any response within thirty days of receipt, much less a response that constituted a reasonable written tender of settlement.

75.    Defendants' failure to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that their conduct violated M.G.L. c. 93A, § 9.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding actual damages or $25.00, whichever is greater; doubling or trebling

all actual damages awarded; rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

### Failure to Disclose Sewer Rates

### COUNT VII
### Breach of Contract

76.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

77.    Defendants breached the Lease by failing to disclose sewer rates in sub-metered bills issued to Plaintiff.

78.    As a result of said breach, Plaintiff was unlawfully billed for sub-metered sewer service, was prevented from ascertaining the validity and accuracy of sub-metered sewer bills, and paid unlawful, inaccurate, and/or excessive sewer charges.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

### COUNT VIII
### M.G.L. c. 186, §§ 22(f) and (c)

79.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

80.    Monthly sub-metered sewer bills issued to Plaintiff did not state the charge per unit of sewer service, as required by M.G.L c. 186, § 22(f).

81.    Under M.G.L c. 186, § 22(c), Defendants were prohibited from billing Plaintiff and

her co-tenants for sub-metered sewer usage.

82.    Plaintiff was harmed by being unlawfully billed for sub-metered sewer service, by being prevented from ascertaining the validity and accuracy of sub-metered sewer bills, and by paying unlawful, inaccurate, and/or excessive sewer charges.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

## COUNT IX
## M.G.L. c. 93A, § 2

83.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

84.    Defendants' misconduct as set forth above violated M.G.L. c. 93A, § 2, and was knowing or willful in nature.

85.    Plaintiff was harmed by being unlawfully billed for sub-metered sewer service, by being prevented from ascertaining the validity and accuracy of sub-metered sewer bills, and by paying unlawful, inaccurate, and/or excessive sewer charges.

86.    On October 6, 2022, Plaintiff – through counsel – sent Defendants a written demand for relief pursuant of M.G.L. c. 93A, § 9, which demand reasonably described the allegedly unfair and/or deceptive acts and practices and the injuries suffered, and demanded class wide relief.

87.    Defendants received Plaintiff's demand on October 12, 2022, but failed to make any response within thirty days of receipt, much less a response that constituted a reasonable

written tender of settlement.

88.    Defendants' failure to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that their conduct violated M.G.L. c. 93A, § 9.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding actual damages or $25.00, whichever is greater; doubling or trebling all actual damages awarded; rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

### **Failure to Correlate Billing Periods**

### COUNT X
### Breach of Contract

89.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

90.    Plaintiff was billed monthly for sub-metered water and sewer charges.

91.    At all relevant times, bills for water service and sewer service supplied to the Property were issued by the Division three times per year.

92.    The charges per unit of water service and per unit of sewer service set forth in Plaintiff's monthly water bills were not derived from information contained in Division water and sewer bills for the same billing periods, as a result of which Defendants breached the Lease.

93.    As a result of said breach, Plaintiff was unlawfully billed for water and sewer service, was prevented from ascertaining the validity and accuracy of sub-metered bills issued to

her, and by paying unlawful, inaccurate and/or excessive charges.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

### COUNT XI
### M.G.L. c. 186, §§ 22(g) and (c)

94.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

95.    The charges per unit of water service set forth in Plaintiff's monthly water bills were not derived from information contained in Division water bills for the same billing periods, as required by M.G.L. c. 186, § 22(g).

96.    The charges per unit of sewer service on which Plaintiff's monthly sewer bills were based were not derived from information contained in Division sewer bills for the same billing periods, as required by M.G.L. c. 186, § 22(g).

97.    Defendants violated M.G.L. c. 186, §§ 22(g), in calculating charges per unit of water service and sewer service supplied to the Unit.

98.    Under M.G.L. c. 186, § 22(c), Defendants were prohibited from billing Plaintiff and her co-tenants for sub-metered water or sewer charges.

99.    Plaintiff was harmed by being unlawfully billed for water and sewer service, by being prevented from ascertaining the validity and accuracy of sub-metered bills issued to her, and by paying unlawful, inaccurate and/or excessive charges.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, rescinding unpaid water and sewer charges and

related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

## COUNT XII
## M.G.L. c. 93A, § 2

100.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

101.    Defendants' misconduct as set forth above violated M.G.L. c. 93A, § 2, and was knowing or willful in nature.

102.    Plaintiff was harmed by being unlawfully billed for water and sewer service, by being prevented from ascertaining the validity and accuracy of sub-metered bills issued to her, and by paying unlawful, inaccurate, and/or excessive water and sewer charges.

103.    On October 6, 2022, Plaintiff – through counsel – sent Defendants a written demand for relief pursuant of M.G.L. c. 93A, § 9, which demand reasonably described the allegedly unfair and/or deceptive acts and practices and injuries suffered and demanded class wide relief.

104.    Defendants received Plaintiff's demand on October 12, 2022, but failed to make any response within thirty days of receipt, much less a response that constituted a reasonable written tender of settlement.

105.    Defendants' failure to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that their conduct violated M.G.L. c. 93A, § 9.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding actual damages or $25.00, whichever is greater; doubling or trebling all actual damages awarded; rescinding unpaid water and sewer charges and related fees;

enjoining Defendants from continuing to engage in the unlawful conduct complained of;

awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as

this Court deems fair and just.


**Plaintiff claims jury trial.**


**EMILY ANDERSON, Plaintiff**
**By her attorneys:**

Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-1261
kquat@quatlaw.com


John R. Yasi
BBO #556904
Yasi & Yasi, P.C.
2 Salem Green
Salem MA 01970
617-741-0400
John.yasi@yasiandyasi.com

I HEREBY ATTEST AND CERTIFY ON
04/07/2023 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
By:

2

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S. 2<br>23-0357 | Trial Court Of Massachusetts Superior Court Department County:<br>SUFFOLK |
|---|---|---|
| PLAINTIFF(S)<br>Emily Anderson, individually and on behalf of others similarly situated | | DEFENDANT(S)<br>JRK Property Holdings, Inc., JRK Residential Group, Inc., Utility Billing, Inc., and Tewksbury Apartments Property Owner, LLC |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number<br>Kenneth D. Quat, 373 Winch St., Framingham MA01701<br>508-872-1261  BBO#408640<br>John R. Yasi, 2 Salem Green, Salem MA 01970<br>617-741-0400   BBO#556904 | | ATTORNEY (if known) |

Origin Code Original Complaint
**BH.2**

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *_____
_____ (B)☑Yes ☐No

*Unfair trade practices, complex issues.*

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This is a class action on behalf of tenants of residential apartments owned and/or managed by Defendants throughout Massachusetts. The size of the putative class is estimated to be several thousand persons.

Plaintiff alleges that for years Defendants have jointly been engaged in unlawful business practices in connection with the submetering and billing of water and sewer service provided to tenants' apartments. Defendants' practices are alleged to have violated G.L. c. 186, sec. 22, and G.L. c. 93A, sec. 2. Plaintiff seeks damages and injunctive relief.

Plaintiff believes that acceptance by the BLS is warranted and appropriate given the class nature of this litigation and the complexity of the issues involved.

I HEREBY ATTEST AND CERTIFY ON
04/07/2023 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John B. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

Assistant Clerk

* A Special Tracking Order shall be created by the Presiding ................................. Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record_____
DATE:____1/9/23____

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

**3**

CIVIL DOCKET#: **2384CV00357-BLS2**

Case:    Anderson v. JRK Property Holdings, Inc. et al.

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS2**.

Hereafter, as shown above, all parties must include the initials "**BLS2**" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project). Counsel may indicate their respective client's participation by completing, filing, and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated:  February 9, 2023

/s/ Kenneth W. Salinger

Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

I HEREBY ATTEST AND CERTIFY ON
04/07/2023 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margaret M. Buckley_
Assistant Clerk

Notice Sent
2/16/23
(2) DC

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____

Case: _____

     As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

     If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

     ____ (Check) **Yes,**_____ is willing to participate in the Discovery Project.
                                 (Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____     Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

| | | |
|---|---|---|
| Assistant Clerk - BLS1 | **OR** | Assistant Clerk - BLS2 |
| BLS1, Room 1309 | | BLS2, Room 1017 |
| 3 Pemberton Square | | 3 Pemberton Square |
| Boston, MA 02108 | | Boston, MA 02108 |

- 2 -

4

| | CIVIL DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|
| **Summons** | 2384CV00357-BLS2 | **The Superior Court** |

CASE NAME:

*Emily Anderson*

Plaintiff(s)

vs.

*JRK Property Holdings et al*

Defendant(s)

**SUFFOLK SUPERIOR COURT**
**CIVIL CLERK'S OFFICE**

**2023 MAR 22  P 12: 12**

**JOHN E. POWERS III**
**ACTING CLERK MAGISTRATE**

**John E. Powers, III**, Acting Clerk of Courts
Suffolk County

COURT NAME & ADDRESS:
*Suffolk Sup. Ct.*
*3 Pemberton Sq.*
*Boston MA 02108*

THIS SUMMONS IS DIRECTED TO *JRK Residential Group Inc.* (Defendant's name)

*c/o Nat'l Registered Agents, 155 Federal St. #700, Boston MA*

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the *Suffolk Superior* Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, *Suffolk Superior* Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
*Kenneth D. Quat, 373 Winch St, Framingham MA 01701*

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger          , Chief Justice on    2 / 21          , 2023 . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

**March 9, 2023**

**I hereby certify and return that on 3/8/2023 at 9:00 AM I served a true and attested copy of the Summons and Complaint and Notice in this action in the following manner: To wit, by delivering in hand to Ross DePina, Process Clerk, agent and person in charge at the time of service for JRK Residential Group Inc., at CT Corporation System 155 Federal Street Suite 700 Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($1.00) Total: $37.30**

Deputy Sheriff      Joseph Casey

I HEREBY ATTEST AND CERTIFY ON
04/07/2023          , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

*Joseph P. Casey*

*Deputy Sheriff*

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

Date:

BY:

Assistant Clerk                                  rev. 7/2022

5

| **Summons** | CIVIL DOCKET NO.<br>*2384CV00357-BLS2* | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>*Emily Anderson*<br>Plaintiff(s)<br><br>vs.<br><br>*JRIK Property Holdings, et al.,*<br>Defendant(s) | **John E. Powers, III,**<br>**Suffolk**<br><br>SUFFOLK SUPERIOR COURT<br>CIVIL CLERK'S OFFICE<br><br>2023 MAR 22 P 12: 12<br><br>JOHN E. POWERS III<br>ACTING CLERK MAGISTRATE | Acting<br>Clerk of Courts<br>County<br><br>COURT NAME & ADDRESS:<br>*Suffolk Sup. Ct.*<br>*3 Pemberton Sq.*<br>*Boston MA 02108* |

THIS SUMMONS IS DIRECTED TO *JRIK Property Holdings Inc.* (Defendant's name)

*c/o Nat'l Registered Agents, 155 Federal St, #700, Boston MA*

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the *Suffolk Superior* Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, *Suffolk Superior* Court

               (address), by mail, in person, or electronically through

    the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

*Kenneth D. Quat, 373 Winch St, Framingham MA 01701*

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____ , Chief Justice on ___2/21___ , 20 23 . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

March 9, 2023

I hereby certify and return that on 3/8/2023 at 9:00 AM I served a true and attested copy of the Summons and Complaint and Notice in this action in the following manner: To wit, by delivering in hand to Ross DePina, Process Clerk,  agent and person in charge at the time of service for JRK Property Holdings Inc., at National Registered Agents 155 Federal Street Suite 700 Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

Deputy Sheriff    Joseph Casey

I HEREBY ATTEST AND CERTIFY ON
04/07/2023          THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

_____
Deputy Sheriff

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____          Date: _____
Assistant Clerk

rev. 7/2022

| Summons | CIVIL DOCKET NO. *2384CV00357-BLS2* | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>*Emily Anderson*<br><br>vs.<br><br>*JRIC Property Holdings et al*<br>Defendant(s) | SUFFOLK SUPERIOR COURT<br>CIVIL CLERK'S OFFICE<br>2023 MAR 22 P 12: 12<br>JOHN E. POWERS III<br>ACTING CLERK MAGISTRATE | **John E. Powers, III,** Acting Clerk of Courts<br>Suffolk County<br><br>COURT NAME & ADDRESS:<br>*Suffolk Sup. Ct.*<br>*3 Pemberton Sq.*<br>*Boston MA 02108* |

THIS SUMMONS IS DIRECTED TO *Utility Billing Inc*  (Defendant's name)

*c/o Nat'l Registered Agents, Inc. 155 Federal St #700, Boston MA*

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the *Suffolk Superior* Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

### 1. You must respond to this lawsuit in writing within 20 days.

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

### 2. How to Respond.

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, *Suffolk Superior* Court *3 Pemberton Sq, Boston MA 02108*(address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: *Kenneth D. Quat, 373 Winch St, Framingham MA 01701*

### 3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____, Chief Justice on ____2/21____, 20 23. (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

March 9, 2023

I hereby certify and return that on 3/8/2023 at 9:00 AM I served a true and attested copy of the Summons and Complaint and Notice in this action in the following manner: To wit, by delivering in hand to Ross DePina, Process Clerk,  agent and person in charge at the time of service for Utility Billing  Inc.,  at  CT  Corporation  System  155  Federal  Street  Suite  700  Boston,  MA  02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

Deputy Sheriff     Joseph Casey

I HEREBY ATTEST AND CERTIFY ON 04/07/2023 _____ THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Assistant Clerk

*Joseph P. Casey*
*Deputy Sheriff*

Date: _____

rev. 7/2022

| **Summons** | CIVIL DOCKET NO. 2384CV00357-BLS2 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

CASE NAME:

Emily Anderson

*Plaintiff(s)*

vs.

JRK Property Holdings Inc.

*Defendant(s)*

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

vs. 2023 MAR 22 P 12: 12

JOHN E. POWERS III
ACTING CLERK MAGISTRATE

**John E. Powers, III,** Acting Clerk of Courts
Suffolk County

COURT NAME & ADDRESS:

Suffolk Sup. Ct.
3 Pemberton Sq.
Boston MA 02108

---

THIS SUMMONS IS DIRECTED TO Tewksbury Apts. Property Owner LLC (Defendant's name)

c/o Nat'l Registered Agents, Inc., 155 Federal St. #700, Boston MA

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Suffolk Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court 3 Pemberton Sq., Boston MA 02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

Kenneth D. Quat, 373 Winch St., Framingham MA 01701

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

2300 3104

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____, Chief Justice on _____2/21_____, 2023 . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

---



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

March 9, 2023

I hereby certify and return that on 3/8/2023 at 9:00 AM I served a true and attested copy of the Summons and Complaint and Notice in this action in the following manner: To wit, by delivering in hand to Ross DePina, Process Clerk, agent and person in charge at the time of service for Tewksbury Apartments Property Owner LLC, at CT Corporation System 155 Federal Street Suite 700 Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

Deputy Sheriff          Joseph

*Joseph P. Casey*
*Deputy Sheriff*

I HEREBY ATTEST AND CERTIFY ON
04/07/2023 THAT THE
FOREGOING DOCUMENT IT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Assistant Clerk          Date: _____

rev. 7/2022

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
BUS. LIT. SESSION NO. 2

EMILY ANDERSON, individually and on behalf
of all others similarly situated,

Plaintiff,

v.

JRK PROPERTY HOLDINGS, INC., JRK
RESIDENTIAL GROUP, INC., UTILITY
BILLING, INC. and TEWKSBURY
APARTMENTS PROPERTY OWNER, LLC,

Defendants.

(U.S. Dist # 23cv-10746)

Civil Action No. 2384-cv-00357
(BLS2)

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

APR 0 7 2023

JOHN E. POWERS, III
ACTING CLERK MAGISTRATE

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO THE CLERK OF COURT:

PLEASE TAKE NOTICE that on April 6, 2023, Defendants JRK Property Holdings,

Inc., JRK Residential Group, Inc., Utility Billing, Inc., and Tewksbury Apartments Property

Owner, LLC, filed a notice of removal regarding the above-captioned action in the United States

District Court for the District of Massachusetts.

Pursuant to 28 U.S.C. § 1446(d), this action shall proceed no further in Superior Court

"unless and until the case is remanded."

Attached hereto as **Exhibit A** is a copy of Defendant's Notice of Removal.

1

Respectfully submitted,

JRK PROPERTY HOLDINGS, INC.,
JRK RESIDENTIAL GROUP, INC.,
UTILITY BILLING, INC. and
TEWKSBURY APARTMENTS PROPERTY
OWNER, LLC,

By their attorneys,

*/s/ Thomas H. Wintner*
Thomas H. Wintner (BBO # 667329)
Mathilda S. McGee-Tubb (BBO # 687434)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
617.542.6000 (telephone)
617.542.2241 (fax)
twintner@mintz.com
msmcgee-tubb@mintz.com

Dated: April 6, 2023

## CERTIFICATE OF SERVICE

I certify that the above Notice of Filing of Notice of Removal was filed electronically on April 6, 2023 and that on the same date copies were served on counsel for the plaintiffs by first-class mail and email as listed below:

> Kenneth D. Quat, Esq.
> Quat Law Offices
> 373 Winch Street
> Framingham, MA 01701
> ken@quatlaw.com

> John Richard Yasi, Esq.
> Yasi & Yasi
> Two Salem Green
> Salem, MA 01970
> john.yasi@yasiandyasi.com

*/s/ Thomas H. Wintner*
Thomas H. Wintner

# Exhibit A

Superior Court - Suffolk
Docket Number 2384CV00357
Case 1:23-cv-10746-FDS   Document 10   Filed 04/06/23   Page 36 of 49
Case 1:23-cv-10746   Document 10   Filed 04/06/23   Page 2 of 10

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

APR 0 7 2023

JOHN E. POWERS, III
ACTING CLERK MAGISTRATE

EMILY ANDERSON, individually and on behalf
of all others similarly situated,

      Plaintiff,

v.

JRK PROPERTY HOLDINGS, INC., JRK
RESIDENTIAL GROUP, INC., UTILITY
BILLING, INC. and TEWKSBURY
APARTMENTS PROPERTY OWNER, LLC,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. _23 CV 10746_

Suffolk Superior Court
Civil Action No. 2384-cv-00357
(BLS2)

## <u>NOTICE OF REMOVAL FROM STATE COURT</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants JRK Property

Holdings, Inc., JRK Residential Group, Inc., Utility Billing, Inc., and Tewksbury Apartments

Property Owner, LLC (collectively, "Defendants"), hereby remove Civil Action No. 2384-cv-

00357 (BLS2) from the Superior Court Department for Suffolk County, Massachusetts, to the

United States District Court for the District of Massachusetts.  As grounds therefore, Defendants

state as follows:[1]

## I.      BACKGROUND

      1.      On or about February 9, 2023, Plaintiff Emily Anderson ("Plaintiff") commenced

a putative class action, entitled *Emily Anderson, et al. v. JRK Property Holdings, Inc., et al.,*

---

[1] In removing this Action, Defendants do not concede that any of the allegations in the Complaint are properly
raised or have any merit whatsoever.  Defendants further reserve the right to amend or supplement this Notice of
Removal.

1

Civil Action No. 2384-cv-00357 (BLS2) (the "Complaint"), in Suffolk Superior Court. A true and accurate copy of the Complaint is attached as **Exhibit 1**.

2. On or about March 8, 2023, Plaintiff served the Defendants with the Complaint, as reflected in the returns of service filed with Suffolk Superior Court.

3. Pursuant to 28 U.S.C § 1446, a true and correct copy of the state court docket and all state court docket materials are attached as **Exhibit 2**. This exhibit includes all process, pleadings, and orders filed in this case.

4. The Complaint concerns the charging of tenants for submetered water and sewer utility services at residential apartment properties owned and/or managed by the Defendants in Massachusetts. The Complaint alleges that Defendant Utility Billing, Inc. performs the submetering services, including calculating and billing tenants for submetered water and sewer service, and the other Defendants own and/or manage the properties in Massachusetts at which Utility Billing, Inc. provides such services. Ex. 1 ¶¶ 15-23. Plaintiff contends that Defendants failed to comply with the provisions of her lease and G.L. c. 186, § 22, the Massachusetts water/sewer submetering statute, in charging her for submetered water and sewer service. The Complaint identifies four alleged violations: (1) failure to mail initial submeter readings, (2) failure to verify functionality of water conservation devices, (3) failure to disclose sewer rates, and (4) failure to correlate billing periods. *See generally* Ex. 1. Plaintiff contends that because of these alleged violations, Defendants "were prohibited from billing Plaintiff and her co-tenants for sub-metered water or sewer charges," and Plaintiff "was harmed by being unlawfully billed for water and sewer service." Ex. 1 ¶¶ 98-99. For each of these alleged violations, Plaintiff asserts a breach of contract claim as well as statutory claims under G.L. c. 186, § 22 and G.L. c. 93A.

5.    Plaintiff seeks relief on behalf of "all persons who leased apartments in JRK
Holdings properties located in Massachusetts" who were subject to the same water/sewer
submetered billing practices Plaintiff alleges are unlawful.  Ex. 1 ¶ 43.  Plaintiff seeks relief on
behalf of tenants who were billed over a six-year period prior to the filing of the Complaint, and
alleges that "[a]t all relevant times, there were hundreds – if not thousands – of rental apartment
units in Massachusetts under the ownership, management, and control of the JRK entities for
which Utility Billing was delegated to provide sub-meter maintenance, verification,
measurement, and billing services." *Id.* ¶ 44.

## II.    GROUNDS FOR REMOVAL

5.    Defendants deny that Plaintiff has properly identified a viable class, or that
Plaintiff is necessarily an adequate representative of the putative classes.  Nonetheless, taking the
allegations as set forth in the Complaint, the relief Plaintiff seeks on behalf of the putative
classes meets the requirements for federal court jurisdiction under the Class Action Fairness Act
of 2005 ("CAFA").

6.    28 U.S.C. § 1441(a) establishes when an action commenced in state court is
removable, providing in relevant part that:

> any civil action brought in a state court of which the district courts
> of the United States have original jurisdiction, may be removed by
> the defendant or the defendants, to the district court of the United
> States for the district and division embracing the place where such
> action is pending.

7.    This Court's subject matter jurisdiction is grounded upon diversity of citizenship.
*See* 28 U.S.C. § 1332(d), as amended by CAFA.

8.    CAFA provides for federal subject matter jurisdiction over any class action in
which the aggregate number of putative class members in all proposed plaintiff classes is at least

100, the matter in controversy exceeds the sum or value of $5,000,000, and any member of a class of plaintiffs is a citizen of a different state from any defendant. *Id.* §§ 1332(d)(2) and (5).

### A.    The number of putative class members is at least 100.

9.     CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). CAFA also requires that "the number of members of all proposed plaintiff classes in the aggregate" be 100 or greater. *Id.* § 1332(d)(5)(B).

10.     According to the Complaint, Plaintiff seeks relief on behalf of "all persons who leased apartments in JRK Holdings properties located in Massachusetts" who were charged for submetered water and sewer services. Ex. 1 ¶ 43. Based on Plaintiffs' allegations, the number of class members is at least 100. *See id.* ¶ 44 (alleging that "[a]t all relevant times, there were hundreds – if not thousands – of rental apartment units in Massachusetts under the ownership, management, and control of the JRK entities"). Defendants do not dispute that they own and/or manage hundreds of rental apartments in Massachusetts, and that during the relevant period they charged at least 100 tenants for submetered water and sewer utility services.

### B.    The amount in controversy exceeds $5,000,000.

11.     In order to support removal, CAFA requires that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

12.     "In calculating the amount in controversy, a federal court must examine relevant state law to determine the nature and extent of the damages which may be awarded." *Lucas v. Ultimate Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013). "Importantly, '[w]hen a plaintiff makes a claim under a statute including a damages multiplier, a court must apply that

4

Superior Court - Suffolk
Docket Number 2384CV00357    Case 1:23-cv-10746    Document 10    Filed 04/06/2023    Page 5 of 49
                             Case 1:23-cv-10746    Document 10    Filed 04/06/2023    Page 40 of 49

factor in evaluating the amount in controversy,'" and a court must further "take into account attorneys' fees where … the award of those fees is statutorily authorized." *Id.* (quoting *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 222 (D.N.H. 2004)). A plaintiff's likelihood of success on the merits of its claims is irrelevant, as are the merits of any valid defense suggested on the face of the complaint, because "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 n.6 (D. Mass. 2009) (citation omitted) (emphasis in original); *see also Evans*, 326 F. Supp. 2d at 221.

13.     Defendants deny that Plaintiff will be able to establish any injury or entitlement to any damages. Defendants also deny that Plaintiff will be able to establish her entitlement to multiple damages or attorneys' fees. As the First Circuit has made clear, however, "the pertinent question" for removal purposes "is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Amoche v. Guarantee Trust Life Ins.*, 556 F.3d 41, 51 (1st Cir. 2009) (emphasis in original).

14.     As discussed above, the Complaint alleges that Defendants "unlawfully billed" Plaintiff for submetered water and sewer service, and that Plaintiff suffered financial loss by "paying water and sewer charges unlawfully billed to her." Ex. 1 ¶¶ 68-69, 72, 78, 82, 85, 99, 102. The Complaint seeks the "rescinding" of "unpaid water and sewer charges and related fees," "actual damages or $25.00, whichever is greater," and "doubling or trebling [of] all actual damages awarded." *Id.* at Counts III, VI, IX, and XII, Wherefore clauses.

15.     Plaintiff seeks relief on behalf of herself and four classes, each with at least one sub-class, using a six-year look-back period. Ex. 1 ¶ 43. "Class C," for example, is a proposed class "comprised of all persons who leased apartments in JRK Holdings properties located in

Massachusetts sub-metered for water and sewer service, and who on or after six years prior to the filing of this action were issued a sub-metered sewer bill by Utility Billing that did not disclose charges per unit of sewer service and paid all or part of any such bill." *Id.* "Class D," as another example, uses the same baseline for the proposed class and focuses on those tenants who "were issued a sub-metered bill by Utility Billing whose charges per unit of water and sewer service were not based on Division charges for water and sewer service provided to the Property for the same billing period." *Id.*

16.      According to Defendants' analysis of their records, current and former tenants at JRK-owned and/or managed properties in Massachusetts paid approximately $3,095,800.00 in submetered water and sewer charges during the February 2017 – February 2023 proposed class period.  *See* **Exhibit 3** (Declaration of Matthew Sussman).

17.      The statutory multiple damages alleged under Chapter 93A are at least twice and up to three times the amount of actual damages. *See* G.L. c. 93A, § 9(3).  Accordingly, the statutory damages at stake in the Complaint are approximately $6,191,600.00, but could be in excess of $9,000,000.00. This exceeds the threshold for CAFA jurisdiction.

18.      Plaintiffs also seek an award of attorneys' fees pursuant to G.L. c. 93A, § 9(4). *See generally* Ex. 1, Counts I-XII, Wherefore clauses.  These claimed attorneys' fees further push the amount in controversy above the CAFA jurisdictional limit. *See, e.g., Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001) (holding that attorneys' fees may be included in the amount-in-controversy determination when a statute, like Chapter 93A, "mandates or allows payment of the fees"); *accord Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010).

**C.    Minimal diversity exists.**

19.    Under CAFA, minimal diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20.    Plaintiff alleges that she resides in Massachusetts. *See* Ex. 1 ¶ 1.

21.    For diversity purposes, a person is a "citizen" of the state in which s/he is domiciled, and residence is prima facie evidence of domicile.

22.    As alleged in the Complaint, Defendant JRK Property Holdings, Inc. is a corporation organized under the laws of California, with its principal place of business in Los Angeles, California. *See* Ex. 1 ¶ 2. Accordingly, for CAFA removal purposes, it is a citizen of the state of California. *See* 28 U.S.C. §§ 1332(c), (d)(10).[2]

23.    As alleged in the Complaint, Defendant JRK Residential Group, Inc. is a corporation organized under the laws of Nevada with its principal place of business in Los Angeles, California. *See* Ex. 1 ¶ 3. Accordingly, for CAFA removal purposes, it is a citizen of the states of Nevada and California. *See* 28 U.S.C. §§ 1332(c), (d)(10).

24.    As alleged in the Complaint, Defendant Utility Billing, Inc. is a corporation organized under the laws of California, with its principal place of business in Los Angeles, California. *See* Ex. 1 ¶ 5. Accordingly, for CAFA removal purposes, it is a citizen of the state of California. *See* 28 U.S.C. §§ 1332(c), (d)(10).

25.    As alleged in the Complaint, Defendant Tewksbury Apartments Property Owner, LLC ("TAPO") is a Delaware limited liability company, with its principal place of business in Los Angeles, California. *See* Ex. 1 ¶ 6. Accordingly, for CAFA removal purposes, it is a citizen of the states of Delaware and California. *See* 28 U.S.C. §§ 1332(c), (d)(10).

---

[2] *See also Irabor v. Lufthansa Airlines*, 427 F. Supp. 3d 222, 229 n.2 (D. Mass. 2019) (rejecting argument that a defendant corporation is a citizen of Massachusetts simply because it has a registered office in the Commonwealth).

26.     Because at least one plaintiff in this putative class action is a citizen of a state different from at least one defendant, diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A).

**D.     Removal is timely and all procedures for removal have been followed.**

27.     This notice of removal is timely filed within 30 days after Defendants received the summons and the Complaint setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b).

28.     Venue is proper because this is the district court of the United States for the district and division within which the action is pending.

29.     All adverse parties to this action have been provided with written notice of the filing of this removal pursuant to 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

30.     Also pursuant to 28 U.S.C. § 1446(b), Defendants will cause to be filed with the Superior Court Department for Suffolk County a copy of this Notice of Removal promptly after filing in this Court along with a Notice of Filing of Notice of Removal in the form attached as **Exhibit 4**.

Respectfully submitted,

JRK PROPERTY HOLDINGS, INC.,
JRK RESIDENTIAL GROUP, INC.,
UTILITY BILLING, INC. and
TEWKSBURY APARTMENTS PROPERTY
OWNER, LLC,

By their attorneys,

/s/ Thomas H. Wintner
Thomas H. Wintner (BBO # 667329)
Mathilda S. McGee-Tubb (BBO # 687434)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
617.542.6000 (telephone)
617.542.2241 (fax)
twintner@mintz.com
msmcgee-tubb@mintz.com

I HEREBY ATTEST AND CERTIFY ON
04/07/2023
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
Assistant Clerk

Dated: April 6, 2023

## CERTIFICATE OF SERVICE

I certify that the above Notice of Removal and all associated papers were filed electronically using the CM/ECF system on April 6, 2023 and that on the same date copies were served on counsel for the plaintiffs by first-class mail and email as listed below:

Kenneth D. Quat, Esq.
Quat Law Offices
373 Winch Street
Framingham, MA 01701
ken@quatlaw.com

John Richard Yasi, Esq.
Yasi & Yasi
Two Salem Green
Salem, MA 01970
john.yasi@yasiandyasi.com

/s/ Thomas H. Wintner
Thomas H. Wintner

# COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY CIVIL
### Docket Report

**2384CV00357 Anderson, Emily vs. JRK Property Holdings Inc**

| | |
|---|---|
| **CASE TYPE:** Business Litigation | **FILE DATE:** 02/09/2023 |
| **ACTION CODE:** BH2 | **CASE TRACK:** B - Special Track (BLS) |
| **DESCRIPTION:** Complex Unfair Trade Practices | |
| **CASE DISPOSITION DATE:** 04/07/2023 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 04/07/2023 |
| **CASE JUDGE:** | **CASE SESSION:** Business Litigation 2 |

## PARTIES

**Plaintiff**
Anderson, Emily

**Attorney** 408640
Kenneth D Quat
Quat Law Offices
Quat Law Offices
373 Winch St
Framingham, MA 01701
Work Phone (508) 872-1261
Added Date: 02/09/2023

**Attorney** 556904
John Richard Yasi
Yasi and Yasi
Yasi and Yasi
Two Salem Green
Salem, MA 01970
Work Phone (978) 741-0400
Added Date: 02/09/2023

**Defendant**
JRK Property Holdings Inc

**Attorney** 667329
Thomas H Wintner
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC
One Financial Center
Boston, MA 02111
Work Phone (617) 348-1625
Added Date: 04/07/2023

**Attorney** 687434
Mathilda McGee-Tubb
Mintz Levin Cohn Ferris Glovsky and Popeo PC
Mintz Levin Cohn Ferris Glovsky and Popeo PC
1 Financial Center
Boston, MA 02111
Work Phone (617) 348-4404
Added Date: 04/07/2023

I HEREBY ATTEST AND CERTIFY ON
04/07/2023 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
Assistant Clerk

| Defendant<br>JRK Residential Group Inc | **Attorney** 667329<br>Thomas H Wintner<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC<br>One Financial Center<br>Boston, MA 02111<br>Work Phone (617) 348-1625<br>Added Date: 04/07/2023 |
|---|---|
| | **Attorney** 687434<br>Mathilda McGee-Tubb<br>Mintz Levin Cohn Ferris Glovsky and Popeo PC<br>Mintz Levin Cohn Ferris Glovsky and Popeo PC<br>1 Financial Center<br>Boston, MA 02111<br>Work Phone (617) 348-4404<br>Added Date: 04/07/2023 |
| **Defendant**<br>Tewksbury Apartments Property Owner LLC | **Attorney** 667329<br>Thomas H Wintner<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC<br>One Financial Center<br>Boston, MA 02111<br>Work Phone (617) 348-1625<br>Added Date: 04/07/2023 |
| | **Attorney** 687434<br>Mathilda McGee-Tubb<br>Mintz Levin Cohn Ferris Glovsky and Popeo PC<br>Mintz Levin Cohn Ferris Glovsky and Popeo PC<br>1 Financial Center<br>Boston, MA 02111<br>Work Phone (617) 348-4404<br>Added Date: 04/07/2023 |
| **Defendant**<br>Utility Billing Inc | **Attorney** 667329<br>Thomas H Wintner<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC<br>One Financial Center<br>Boston, MA 02111<br>Work Phone (617) 348-1625<br>Added Date: 04/07/2023 |
| | **Attorney** 687434<br>Mathilda McGee-Tubb<br>Mintz Levin Cohn Ferris Glovsky and Popeo PC<br>Mintz Levin Cohn Ferris Glovsky and Popeo PC<br>1 Financial Center<br>Boston, MA 02111<br>Work Phone (617) 348-4404<br>Added Date: 04/07/2023 |

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 02/09/2023 | | Attorney appearance<br>On this date Kenneth D Quat, Esq. added for Plaintiff Emily Anderson | |
| 02/09/2023 | | Attorney appearance<br>On this date John Richard Yasi, Esq. added for Plaintiff Emily Anderson | |
| 02/09/2023 | 1 | Original civil complaint filed. | |
| 02/09/2023 | 2 | Civil action cover sheet filed. | |
| 02/09/2023 | | Docket Note: Four summonses by mail | |
| 02/15/2023 | | Notice of 93A complaint sent to Attorney General | |
| 02/21/2023 | 3 | General correspondence regarding NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION "BLS2"<br>This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to BLS2. Dated: February 09, 2023   Notice sent 2/16/23 | Salinger |
| 03/22/2023 | 4 | Service Returned for<br>Defendant JRK Residential Group Inc: Service through person in charge / agent; | |
| 03/22/2023 | 5 | Service Returned for<br>Defendant JRK Property Holdings Inc: Service through person in charge / agent; | |
| 03/22/2023 | 6 | Service Returned for<br>Defendant Utility Billing Inc: Service through person in charge / agent; | |
| 03/22/2023 | 7 | Service Returned for<br>Defendant Tewksbury Apartments Property Owner LLC : Service through person in charge / agent; | |
| 04/06/2023 | 8 | Defendant JRK Property Holdings Inc, JRK Residential Group Inc, Utility Billing Inc, Tewksbury Apartments Property Owner LLC 's Notice of Filing Notice of Removal to the U.S. District Court filed by Defendants (US Dist. 23-cv-10746) | |
| 04/07/2023 | | Attorney appearance<br>On this date Thomas H Wintner, Esq. added for Defendant JRK Property Holdings Inc | |
| 04/07/2023 | | Attorney appearance<br>On this date Mathilda McGee-Tubb, Esq. added for Defendant JRK Property Holdings Inc | |
| 04/07/2023 | | Attorney appearance<br>On this date Thomas H Wintner, Esq. added for Defendant JRK Residential Group Inc | |
| 04/07/2023 | | Attorney appearance<br>On this date Mathilda McGee-Tubb, Esq. added for Defendant JRK Residential Group Inc | |
| 04/07/2023 | | Attorney appearance<br>On this date Thomas H Wintner, Esq. added for Defendant Utility Billing Inc | |

| 04/07/2023 | Attorney appearance<br>On this date Mathilda McGee-Tubb, Esq. added for Defendant Utility Billing Inc |
| --- | --- |
| 04/07/2023 | Attorney appearance<br>On this date Thomas H Wintner, Esq. added for Defendant Tewksbury Apartments Property Owner LLC |
| 04/07/2023 | Attorney appearance<br>On this date Mathilda McGee-Tubb, Esq. added for Defendant Tewksbury Apartments Property Owner LLC |
| 04/07/2023 | REMOVED to the U.S. District Court<br>of Massachusetts |
| 04/07/2023 | Case transferred to another court. |