## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

**EMILY ANDERSON, individually and on**   )
**behalf of all others similarly situated,**   )
                                     )
**Plaintiff**                        )
                                     )
**v.**                               )     **Civil Action No. 23-10746-FDS**
                                     )
**JRK PROPERTY HOLDINGS, INC.,**     )
**JRK RESIDENTIAL GROUP, INC.,**     )
**UTILITY BILLING, INC., and**       )
**TEWKSBURY APARTMENTS PROPERTY**    )
**OWNER, LLC,**                      )
                                     )
**Defendants**                       )
_____)


## FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

### Introductory Statement

Massachusetts General Laws Chapter 186, § 22, and the Massachusetts Sanitary Code impose strict requirements on residential landlords who choose to bill tenants for water and sewer service measured by submeters installed in their apartments. Plaintiff was a tenant at an apartment complex in Tewksbury, Massachusetts, that was owned, operated, and managed by Defendants, during which time her rights were violated in multiple respects with respect to the sub-metering of water and sewer service. These violations resulted from standard business practices employed by Defendants at the Tewksbury complex and other residential apartment properties in Massachusetts, and the violations are continuing.

## Parties

1.      Plaintiff Emily Anderson is an individual who resides in Lowell, Middlesex County, Massachusetts.

2.      Defendant JRK Property Holdings, Inc. ("JRK Holdings") is a California corporation that has conducted business in Massachusetts and is registered to conduct business in Massachusetts, with a principal place of business at 11766 Wilshire Boulevard, Suite 1500, Los Angeles, California.

3.      Defendant JRK Residential Group, Inc. ("JRK Group") is a Nevada corporation that has conducted business in Massachusetts and is registered to conduct business in Massachusetts, with a principal place of business at 11766 Wilshire Boulevard, Suite 1500, Los Angeles, California.

4.      In this complaint JRK Holdings and JRK Group are referred to collectively as the "JRK entities."

5.      Defendant Utility Billing, Inc. ("Utility Billing") is a California corporation that has conducted business in Massachusetts and is registered to conduct business in Massachusetts, with a principal place of business at 11766 Wilshire Boulevard, Suite 1500, Los Angeles, California.

6.      Defendant Tewksbury Apartments Property Owner, LLC ("TAPO") is a Delaware limited liability company that has conducted business in Massachusetts and is registered to conduct business in Massachusetts, with a principal place of business at 11766 Wilshire Boulevard, Suite 1500, Los Angeles, California.

7.      At times relevant to this complaint TAPO was the record owner of an apartment complex in Tewksbury, Massachusetts, known as "The Residences at Tewksbury

Commons" (the "Property").

## Facts

8.      Plaintiff, along with three other individuals (the "co-tenants"), entered into an "Apartment Lease Contract" dated October 2, 2020, to rent an apartment at the Property (the "Unit).

9.      Plaintiff and her co-tenants moved into the Unit on or about October 15, 2020.

10.     On or about September 14, 2021, Plaintiff and her co-tenants entered into a second "Apartment Lease Contract" to continue renting the Unit.

11.     The two apartment lease contracts entered into by Plaintiff and her co-tenants are Collectively referred to herein as the "Lease."

12.     Plaintiff and her co-tenants resided in the Unit until on or about January 16, 2022, when they were forced to vacate due to a ruptured water pipe that rendered the Unit uninhabitable.

13.     The period of time during which Plaintiff and her co-tenants resided in the Unit is referred to herein as the "Tenancy."

14.     The Lease misidentified the record owner of the Property as DSF IV Tewksbury Owner, LLC ("DSF"), which entity had changed its name to TAPO some three years prior to the Tenancy.

15.     TAPO was formed by one or both of the JRK entities for the purpose of holding title to the Property for the benefit of the JRK entities.

16.     At all relevant times TAPO and the JRK entities operated from the same Los Angeles business office, and the three entities shared many if not most of the same officers and directors.

17.     On information and belief, during the Tenancy TAPO had no employees.

18.     On information and belief, during the Tenancy TAPO's rental operations, policies, and procedures – including those concerning water and sewer sub-metering - were formulated, implemented, directed, and/or ratified by the JRK entities.

19.     During the Tenancy, the Property was managed by JRK Group on behalf of JRK Holdings and TAPO.

20.     At all relevant times, Utility Billing operated from the same office as the JRK entities and TAPO and shared many, if not most, of the officers and directors of said entities.

21.     Utility Billing was formed by one or both of the JRK entities to perform sub-metering services at JRK rental properties, including but not necessarily limited to maintaining and verifying sub-meter functionality, measuring sub-metered water and sewer service, and calculating and billing tenants for sub-metered water and sewer service charges.

22.     Utility Billing carried out the aforesaid sub-metering services at JRK rental properties in Massachusetts in its capacity as agent for the JRK entities and the record owners of rental properties, including TAPO.

23.     At all relevant times, Utility Billing calculated sub-metered water and sewer charges and issued monthly sub-metered bills to Plaintiff and other tenants of the Property for said charges.

24.     The Lease contained an addendum entitled "Utility for Water, Sewer, Gas, Trash and Electric Service," a true copy of which is appended hereto as Exhibit 1.

25.     Exhibit 1 states in pertinent part that the water and sewer service provided to the

4

Unit was to be "paid by you, through an approved sub-meter to us."

26.    The Lease contained another addendum entitled "Water/Sewer Usage Addendum," a true copy of which is appended hereto as Exhibit 2.

27.    Exhibit 2 references the Massachusetts water submetering statute (the "Act") and states in pertinent part that "a water sub-meter has been installed to measure the water usage in the apartment" and that Plaintiff would be billed monthly for sub-metered water and sewer charges by Utility Billing, TAPO's billing agent.

28.    Exhibit 2 states in pertinent part that "[l]andlord shall be obligated to maintain the sub-meter system in good working order in accordance with the provisions of the State Sanitary Code."

29.    The landlord was contractually obligated to provide water and sewer submetering services to Plaintiff and her co-tenants and to charge for same in conformity with the Massachusetts Sanitary Code and the Massachusetts water submetering statute, M.G.L. c. 186, § 22.

30.    On the date the Tenancy commenced, M.G.L. c. 186, § 22(e) and the Lease required the landlord to ensure that all water conservation devices in the Unit (such as low-flow showerheads and low-flush toilets) were functioning properly at the commencement of a tenancy.

31.    On information and belief, Defendants did not ensure that all of the Unit's water conservation devices were functioning properly at the commencement of the Tenancy.

32.    On the date when the Tenancy commenced, M.G.L. c. 186, § 22(h), provided:

> When a tenancy in a dwelling unit commences after the beginning, but before the end, of a billing period for which the landlord has not been billed by the water company, the landlord shall mail to the tenant on the first day of such tenancy the reading on the submeter for the dwelling unit as of that

day. The landlord may thereafter bill the tenant only for the water measured on the submeter subsequent to such reading.

33.    Exhibit 2 states in pertinent part that "If your Lease starts after the beginning but before the end of the water company billing period, Landlord shall mail to Tenant on the first day of such term the sub-meter reading for the Premises as of the Lease commencement day."

34.    At all times relevant to this complaint, the Town of Tewksbury Water and Sewer Division (the "Division") supplied water service and sewer service to the Property and was a "water company" within the meaning of the Lease and M.G.L. c. 186, § 22(a)

35.    The Tenancy commenced after the beginning, but before the end of, a Division billing period; however, the submeter reading notice required by § 22(h) and the Lease was not mailed to Plaintiff or her co-tenants on the first day of the Tenancy.

36.    At all relevant times, M.G.L. c. 186, § 22(f) and the Lease required that each sub-metered bill set forth the charge per unit of water service and sewer service. None of the sub-metered bills issued to Plaintiff set forth the charge per unit of sewer service.

37.    At all relevant times, M.G.L. c. 186, § 22(g) and the Lease required that charges per unit of water service and sewer service billed to tenants be calculated on the basis of information contained in water and sewer bills issued to the landlord for the same billing periods.

38.    At all relevant times, municipal bills for water and sewer services supplied to the Property were issued three times per year.

39.    Defendants failed to comply with the "same billing period" requirement of § 22(g) and the Lease in calculating the charges per unit of water service and sewer service on which Plaintiff's sub-metered bills were based.

40.    At all relevant times, M.G.L. c. 186, § 22(c), the Massachusetts Sanitary Code, and the Lease prohibited a landlord from charging a tenant for sub-metered water and sewer usage except in accordance with § 22.

41.    As a result of Defendants' misconduct and violations of law set forth above, amounts charged to Plaintiff for sub-metered water charges and sewer charges were unlawful, inaccurate and/or excessive.

42.    Plaintiff paid all of the sub-metered water and sewer charges billed to her in connection with the Tenancy.

## Class Action Allegations

43.    Plaintiff brings this action on behalf of herself and classes of persons similarly situated which, pending further investigation and discovery, are initially defined as follows:

Class A (count I) is comprised of all persons who leased apartments in JRK Holdings properties located in Massachusetts sub-metered for water and sewer service whose tenancies commenced after the beginning but before the end of a billing period for which Defendants had not yet been billed by the Division, who according to Defendants' contemporaneous records were not mailed the apartment's submeter reading as of the commencement dates of the tenancies, and whose first sub-metered bill was issued by Utility Billing on or after six years prior to the filing of this action. A sub-class (counts II and III) is comprised of Class A members whose first sub-metered bill was issued on or after four years prior to the filing of this action.

Class B (count IV) is comprised of all persons who leased apartments in JRK Holdings properties located in Massachusetts sub-metered for water and sewer service, whose submeters are not shown by Defendants' contemporaneous records to have been functioning properly as of the commencement dates of the tenancies, and who on or after six years prior to the filing of this action paid all or part of a sub-metered water or sewer bill issued to them by Utility Billing. A sub-class (counts V and VI) is comprised of Class B members who paid all or part of such bill on or after four years prior to the filing of this action.

Class C (count VII) is comprised of all persons who leased apartments in JRK Holdings properties located in Massachusetts sub-metered for water and sewer service, and who on or after six years prior to the filing of this action were issued a sub-metered sewer bill by Utility Billing that did not disclose charges per unit of

sewer service and paid all or part of any such bill. A sub-class (counts VIII and IX) is comprised of Class C members who paid all or part of such bill on or after four years prior to the filing of this action.

Class D (count X) is comprised of all persons who leased apartments in JRK Holdings properties located in Massachusetts sub-metered for water and sewer service, and who on or after six years prior to the filing of this action were issued a sub-metered bill by Utility Billing whose charges per unit of water and sewer service were not based on Division charges for water and sewer service provided to the Property for the same billing period. A sub-class (counts XI and XII) is comprised of Class D members who were issued such bill on or after four years prior to the filing of this action.

A "TAPO" sub-class of each of the above classes and sub-classes is comprised of persons who were lessees at the Property, to whom TAPO is alleged to be jointly and severally liable with other defendants.

Excluded from each class and sub-class are current and former officers, directors, employees, and agents of Defendants; any judge who has occasion to hear or act on any matter involving this case and said judge's immediate family members; and persons who have released one or more Defendants from one or more claims asserted.

44.     At all relevant times, there were hundreds – if not thousands - of rental apartment units in Massachusetts under the ownership, management, and control of the JRK entities for which Utility Billing was delegated to provide sub-meter maintenance, verification, measurement, and billing services. Therefore, each class and sub-class are sufficiently numerous such that joinder is impracticable

45.     There are questions of law and fact common to the classes and sub-classes which predominate over any questions affecting only individual members. The principal common questions are whether JRK properties in Massachusetts (including the Property) were jointly owned, operated, and managed as alleged; whether Utility Billing acted as agent for the JRK properties (including the Property); whether Defendants employed identical or substantially similar standard lease forms (including relevant addenda) during the class periods; whether Defendants breached the leases of class members as alleged; whether

Defendants engaged in one or more of the allegedly unlawful business practices during the class periods; whether Defendants were engaged in trade or commerce in Massachusetts; whether Defendants' violations of Chapter 93A were willful or knowing in nature; and whether Defendants are jointly and severally liable for the alleged violations and resulting harm.

46.    Plaintiff's claims are typical of the claims of class and sub-class members. All claims arise from the same operative facts and are based on the same legal theories.

47.    Plaintiff will fairly and adequately protect the interests of class and sub-class members. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling landlord-tenant, consumer protection, and class action litigation. Neither Plaintiff nor counsel have any interests that might cause them not to vigorously and competently prosecute this action.

48.    A class action is superior to other methods for the fair and efficient adjudication of this controversy, as the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, rendering it impractical and economically unfeasible for class members to seek redress individually. In addition, a class action is necessary to vindicate the rights of persons who are unaware they have claims against Defendants.

49.    A class action is also a superior method for resolving this controversy because the prosecution of separate actions by individuals would create a risk of inconsistent or varying adjudications which might establish incompatible standards of conduct for Defendants.

50.    There are no unusual or extraordinary difficulties likely to be encountered by the Court in managing this case as a class action.

**Failure to Mail Initial Sub-Meter Readings**

**COUNT I**
**Breach of Contract**

51.     The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

52.     Defendants breached the Lease by failing to mail to Plaintiff or any of her co-tenants, on the commencement date of the Tenancy, the Unit's submeter reading as of the commencement date of the Tenancy.

53.     As a result of said breach, Plaintiff suffered financial loss.

        WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

**COUNT II**
**M.G.L. c. 186, §§ 22(h) and (c)**

54.     The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

55.     Defendants violated M.G.L. c. 186, § 22(h), by failing to mail to Plaintiff or any of her co-tenants, on the commencement date of the Tenancy, the Unit's submeter reading as of the commencement date of the Tenancy.

56.     Under M.G.L. c. 186, § 22(c), all water and sewer charges set forth in the first sub-metered bill issued to Plaintiff were unlawful, as a result of which Plaintiff suffered financial loss.

        WHEREFORE, Plaintiff demands judgment against Defendants, jointly and

severally, awarding damages or restitution, enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

**COUNT III**
**M.G.L. c. 93A § 2**

57.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

58.    At all relevant times Defendants were engaged in trade or commerce in Massachusetts.

59.    Defendants' violation of G.L. c. 186, § 22(h) and (c) constituted a violation of M.G.L. c. 93A, § 2.

60.    At all relevant times the JRK entities and TAPO were each an "owner" of the Unit as that term is defined in 105 CMR 410.020.

61.    Defendants violated 105 CMR 410.354(D) by charging Plaintiff for sub-metered water and sewer services without complying with the requirements of M.G.L. c. 186, § 22, thus violating M.G.L. c. 93A, § 2.

62.    Defendants' violations of M.G.L. c. 93A, § 2, were knowing or willful in nature.

63.    As a result of Defendants' unlawful conduct, Plaintiff suffered financial loss.

64.    On October 6, 2022, Plaintiff – through counsel – sent Defendants a written demand for relief pursuant of M.G.L. c. 93A, § 9, which demand reasonably described the allegedly unfair and/or deceptive acts and practices and injuries suffered and demanded class wide relief.

65.    Defendants received Plaintiff's demand on October 12, 2022, but failed to make any response within thirty days of receipt, much less a response that constituted a

reasonable written tender of settlement.

66.     Defendants' failure to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated M.G.L. c. 93A, § 9.

        WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding actual damages or $25.00, whichever is greater; doubling or trebling all actual damages awarded; rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

## Failure to Verify Functionality of Water Conservation Devices

### COUNT IV
### Breach of Contract

67.     The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

68.     Defendants breached the Lease by failed to ensure that the Unit's water conservation devices were functioning properly on the commencement date of the Tenancy.

69.     As a result of said breach, Plaintiff suffered financial loss.

        WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

### COUNT V
### M.G.L. c. 186, §§ 22(e) and (c)

70.     The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

71.    Defendants violated M.G.L. c. 186, § 22(e), by failing to ensure that the Unit's water conservation devices were functioning properly on the commencement date of the Tenancy.

72.    Under M.G.L. c. 186, § 22(c), neither Plaintiff nor any of her co-tenants could be lawfully billed for sub-metered water or sewer usage.

73.    Plaintiff suffered financial loss by paying water and sewer charges unlawfully billed to her.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution; rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

## COUNT VI
## M.G.L. c. 93A, § 2

74.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

75.    At all relevant times Defendants were engaged in trade or commerce in Massachusetts.

76.    Defendants' violation of G.L. c. 186, § 22(e) and (c) constituted a violation of M.G.L. c. 93A, § 2.

77.    At all relevant times the JRK entities and TAPO were each an "owner" of the Unit as that term is defined in 105 CMR 410.020.

78.    Defendants violated 105 CMR 410.354(D) by charging Plaintiff for sub-metered water and sewer services without complying with the requirements of M.G.L. c. 186, § 22,

thus violating M.G.L. c. 93A, § 2.

79.    Defendants' violations of M.G.L. c. 93A, § 2, were knowing or willful in nature.

80.    Plaintiff suffered financial loss by paying water and sewer charges unlawfully billed to her.

81.    On October 6, 2022, Plaintiff – through counsel – sent Defendants a written demand for relief pursuant of M.G.L. c. 93A, § 9, which demand reasonably described the allegedly unfair and/or deceptive acts and practices and injuries suffered, and demanded class wide relief.

82.    Defendants received Plaintiff's demand on October 12, 2022, but failed to make any response within thirty days of receipt, much less a response that constituted a reasonable written tender of settlement.

83.    Defendants' failure to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that their conduct violated M.G.L. c. 93A, § 9.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding actual damages or $25.00, whichever is greater; doubling or trebling all actual damages awarded; rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

### Failure to Disclose Sewer Rates

### COUNT VII
### Breach of Contract

84.    The allegations of all preceding paragraphs are restated and incorporated herein as

if fully set forth.

85.    Defendants breached the Lease by failing to disclose sewer rates in sub-metered bills issued to Plaintiff.

86.    As a result of said breach, Plaintiff was unlawfully billed for sub-metered sewer service, was prevented from ascertaining the validity and accuracy of sub-metered sewer bills, and paid unlawful, inaccurate, and/or excessive sewer charges.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

## COUNT VIII
### M.G.L. c. 186, §§ 22(f) and (c)

87.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

88.    Monthly sub-metered sewer bills issued to Plaintiff did not state the charge per unit of sewer service, as required by M.G.L c. 186, § 22(f).

89.    Under M.G.L c. 186, § 22(c), Defendants were prohibited from billing Plaintiff and her co-tenants for sub-metered sewer usage.

90.    Plaintiff was harmed by being unlawfully billed for sub-metered sewer service, by being prevented from ascertaining the validity and accuracy of sub-metered sewer bills, and by paying unlawful, inaccurate, and/or excessive sewer charges.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct

complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such

other relief as this Court deems fair and just.

## COUNT IX
## M.G.L. c. 93A, § 2

91.    The allegations of all preceding paragraphs are restated and incorporated herein as

if fully set forth.

92.    At all relevant times Defendants were engaged in trade or commerce in

Massachusetts.

93.    Defendants' violation of G.L. c. 186, § 22(f) and (c) constituted a violation of

M.G.L. c. 93A, § 2.

94.    At all relevant times the JRK entities and TAPO were each an "owner" of the Unit

as that term is defined in 105 CMR 410.020.

95.    Defendants violated 105 CMR 410.354(D) by charging Plaintiff for sub-metered

water and sewer services without complying with the requirements of M.G.L. c. 186, § 22,

thus violating M.G.L. c. 93A, § 2.

96.    Defendants' violations of M.G.L. c. 93A, § 2, were knowing or willful in nature.

97.    Defendants' misconduct as set forth above violated M.G.L. c. 93A, § 2, and was

knowing or willful in nature.

98.    Plaintiff was harmed by being unlawfully billed for sub-metered sewer service, by

being prevented from ascertaining the validity and accuracy of sub-metered sewer bills,

and by paying unlawful, inaccurate, and/or excessive sewer charges.

99.    On October 6, 2022, Plaintiff – through counsel – sent Defendants a written demand

for relief pursuant of M.G.L. c. 93A, § 9, which demand reasonably described the allegedly

unfair and/or deceptive acts and practices and the injuries suffered, and demanded class

wide relief.

100.     Defendants received Plaintiff's demand on October 12, 2022, but failed to make
    any

response within thirty days of receipt, much less a response that constituted a reasonable

written tender of settlement.

101.    Defendants' failure to make a reasonable and timely written tender of settlement

was in bad faith with knowledge or reason to know that their conduct violated M.G.L. c.

93A, § 9.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and

severally, awarding actual damages or $25.00, whichever is greater; doubling or trebling

all actual damages awarded; rescinding unpaid water and sewer charges and related fees;

enjoining Defendants from continuing to engage in the unlawful conduct complained of;

awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as

this Court deems fair and just.

**<u>Failure to Correlate Billing Periods</u>**

**COUNT X**
**Breach of Contract**

102.    The allegations of all preceding paragraphs are restated and incorporated herein as

if fully set forth.

103.    Plaintiff was billed monthly for sub-metered water and sewer charges.

104.    At all relevant times, bills for water service and sewer service supplied to the

Property were issued by the Division three times per year.

105.    The charges per unit of water service and per unit of sewer service set forth in

Plaintiff's monthly water bills were not derived from information contained in Division

water and sewer bills for the same billing periods, as a result of which Defendants breached the Lease.

106.    As a result of said breach, Plaintiff was unlawfully billed for water and sewer service, was prevented from ascertaining the validity and accuracy of sub-metered bills issued to her, and by paying unlawful, inaccurate and/or excessive charges.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

## COUNT XI
## M.G.L. c. 186, §§ 22(g) and (c)

101.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

102.    The charges per unit of water service set forth in Plaintiff's monthly water bills were not derived from information contained in Division water bills for the same billing periods, as required by M.G.L. c. 186, § 22(g).

103.    The charges per unit of sewer service on which Plaintiff's monthly sewer bills were based were not derived from information contained in Division sewer bills for the same billing periods, as required by M.G.L. c. 186, § 22(g).

104.    Defendants violated M.G.L. c. 186, §§ 22(g), in calculating charges per unit of water service and sewer service supplied to the Unit.

105.    Under M.G.L. c. 186, § 22(c), Defendants were prohibited from billing Plaintiff and her co-tenants for sub-metered water or sewer charges.

106.    Plaintiff was harmed by being unlawfully billed for water and sewer service, by

being prevented from ascertaining the validity and accuracy of sub-metered bills issued to her, and by paying unlawful, inaccurate and/or excessive charges.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.

**COUNT XII**
**M.G.L. c. 93A, § 2**

107.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

108.    At all relevant times Defendants were engaged in trade or commerce in Massachusetts.

109.    Defendants' violation of G.L. c. 186, § 22(g) and (c) constituted a violation of M.G.L. c. 93A, § 2.

110.    At all relevant times the JRK entities and TAPO were each an "owner" of the Unit as that term is defined in 105 CMR 410.020.

111.    Defendants violated 105 CMR 410.354(D) by charging Plaintiff for sub-metered water and sewer services without complying with the requirements of M.G.L. c. 186, § 22, thus violating M.G.L. c. 93A, § 2.

112.    Defendants' violations of M.G.L. c. 93A, § 2, were knowing or willful in nature.

113.    Plaintiff was harmed by being unlawfully billed for water and sewer service, by being prevented from ascertaining the validity and accuracy of sub-metered bills issued to her, and by paying unlawful, inaccurate, and/or excessive water and sewer charges.

114.    On October 6, 2022, Plaintiff – through counsel – sent Defendants a written demand for relief pursuant of M.G.L. c. 93A, § 9, which demand reasonably described the allegedly unfair and/or deceptive acts and practices and injuries suffered and demanded class wide relief.

115.    Defendants received Plaintiff's demand on October 12, 2022, but failed to make any response within thirty days of receipt, much less a response that constituted a reasonable written tender of settlement.

116.    Defendants' failure to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that their conduct violated M.G.L. c. 93A, § 9.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding actual damages or $25.00, whichever is greater; doubling or trebling all actual damages awarded; rescinding unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees, and awarding such other relief as this Court deems fair and just.


**Plaintiff claims jury trial.**


**EMILY ANDERSON, Plaintiff**
**By her attorneys:**

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-1261
kquat@quatlaw.com

*/s/John R. Yasi*
BBO #556904
Yasi & Yasi, P.C.
2 Salem Green
Salem MA 01970
617-741-0400
john.yasi@yasiandyasi.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Kenneth D. Quat*

Dated: July 24, 2023