## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MASSIMILIANO PERRAULT, individually and on behalf of all others similarly situated,** ) <br> ) <br> **Plaintiff** ) <br> ) <br> **v.** ) <br> ) <br> **JRK PROPERTY HOLDINGS, INC., JRK RESIDENTIAL GROUP, INC., UTILITY BILLING, INC., and TEWKSBURY APARTMENTS PROPERTY OWNER, LLC,** ) <br> ) <br> ) <br> ) <br> ) <br> **Defendants** ) <br> ) | **Civil Action No. 23-10746-FDS** |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") is made by and between Massimiliano Perrault ("Plaintiff," or "Class Representative"), individually and on behalf of the Class Members (defined below), and JRK Property Holdings, Inc., JRK Residential Group, Inc., Utility Billing, Inc., and Tewksbury Apartments Property Owner, LLC ("Defendants") (collectively referred to herein as the "Parties").

### Section I
### Definitions

In addition to terms defined elsewhere in this Agreement, the following definitions apply:

"Action" means this lawsuit: *Massimiliano Perrault, et al. v. JRK Property Holdings, Inc., et al.*, Case No. 1:23-cv-10746-FDS (D. Mass.)

"Administrator" means Optime Administration, LLC, the entity engaged by Plaintiff to implement the Class Notice Plan and administer the Settlement pursuant to this Agreement.

"Administrator's Fee" means the Administrator's fees for carrying out the Class Notice Plan and administering the Settlement.

"Attorney Fee and Expense Award" has the meaning set forth in Section III.B.

"Claims" means the claims for relief asserted in Counts I – III of the Complaint.

"Class" means the class of persons the Parties are requesting be certified by the Court for settlement purposes, defined as follows: All persons who were lessees (as tenants or co-tenants) of apartments at any one or more of the Properties (as defined herein) at any time from February 2, 2019 through September 6, 2024.

"Class Counsel" means Kenneth D. Quat, d/b/a Quat Law Offices, and John R. Yasi of Yasi & Yasi, P.C.

"Class List" has the meaning set forth in Section IV.I.

"Class Members" means the persons in the Class.

"Class Notice Plan" means the terms for providing notice of this Settlement to Class Members to be submitted to the Court for approval, as set forth in Section IV.

"Class Period" means February 2, 2019 – September 6, 2024.

"Class Representative Service Award" has the meaning set forth in Section III.C.

"Complaint" means the Second Amended Class Action Complaint and Jury Demand filed in the Action on December 21, 2023 as Doc. No. 38.

"Court" means the United States District Court for the District of Massachusetts.

"Defendants' Counsel" means Thomas H. Wintner and Mathilda S. McGee-Tubb of the law firm Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

"Effective Date" has the meaning set forth in Section III.E.

"Final Approval Hearing" means the hearing at which the Court will determine: (1) the merits of any objections to the Settlement, (2) whether the Class Notice Plan was carried out in accordance with this Agreement; (3) whether to approve in final form this Settlement Agreement as fair, reasonable, adequate and in the best interests of the Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and whether to enter judgment accordingly; (4) amounts to be awarded as legal fees and expenses to Class Counsel; (5) an amount to be awarded as Service Awards to the Class Representative and his predecessor; and (6) such other matters as the Court deems necessary and appropriate.

"Final Judgment" means the Court's order and/or judgment approving the Settlement in final form.

"Full Notice" has the meaning described in Section IV.2, below.

"Net Settlement Fund" means the amount of the "Settlement Fund" less amounts paid or to be paid for the Attorney Fee and Expense Award, Plaintiff's Service Award, and the Class's contribution toward the Administrator's Fee.

"Notice of Compliance" means the Administrator's report summarizing the Administrator's efforts in carrying out the Class Notice Plan in accordance with this Agreement, the results of those efforts, certification of compliance with the Plan, and specification of any objections received by the Administrator.

"Person" means any individual or entity.

"Plaintiff's Service Award" has the meaning set forth in Section III.C.

"Preliminary Approval Order" means the order described in Section V.1.

"Properties" means the apartment complexes known as: One Webster Apartments, located at 1 Webster Avenue, Chelsea, MA; Residences at Tewksbury Commons, 7 Archstone Avenue, Tewksbury, MA; The Residences at Stevens Pond, located at 1 Founders Way, Saugus, MA; Essex Apartment Homes, 1 Avalon Drive, Peabody, MA; and The Charles Bellingham, 151 N. Main Street, Bellingham, MA.

"Released Claims" means, as to Defendants, the Claims and all other claims and causes of action based on or arising from Defendants' alleged failure to mail to Class Members on the commencement dates of their tenancies the initial water submeter readings for Class Members' apartments. For the avoidance of doubt, this includes but is not limited to Counts II and III in the Complaint.

"Released Persons" means, as to Defendants, Defendants and their current and former officers, employees, agents, attorneys, shareholders, parent corporations, subsidiaries, affiliates, predecessors, successors, and assigns, including individuals and entities.

"Released Persons" means, as to Plaintiff, Plaintiff and Class Members as defined herein.

"Settlement" means the terms set forth in this Settlement Agreement.

"Settlement Benefits" means the benefits set forth in Section III.

"Settlement Fund" has the meaning set forth in Section III.A.

"Void Date" has the meaning set forth in Section VII.

**Section II**
**Background**

2.1    Plaintiff asserts in the Action that Defendants violated G.L. c. 186, § 22, the Massachusetts water and sewer submetering statute, by failing to mail to Class Members on the commencement dates of their tenancies the readings of their apartment water submeters as of said dates.

2.2    Defendants dispute the Claims, deny any violation of law and any other wrongdoing, and assert that no relief is warranted.

2.3    Class Counsel conducted an investigation and evaluation of the facts and law related to the Claims, prepared and filed a complaint and amended complaints asserting the Claim, conducted extensive discovery, and negotiated this proposed Settlement on behalf of Plaintiff and Class Members.

2.4    The Parties wish to resolve the Claims as well as all other claims and causes of action related to or arising out of the Claims.

2.5    Counsel for the Parties engaged in extensive arm's length negotiations prior to entering into this Settlement Agreement.

2.6    The Parties believe that the Settlement, including the Class Notice Plan, is fair, reasonable and adequate, and agree to settle the Action pursuant to this Settlement Agreement after considering the substantial benefits to Class Members and the attendant risks, uncertainties, and delay inherent in continued litigation.

**Section III**
**Settlement Terms**

In consideration of the benefits, agreements, representations, and covenants contained herein, which are hereby acknowledged as constituting good and valuable consideration, the Parties stipulate and agree that the Action will be settled on the following terms and conditions, subject to the Court's approval:

**A.    Settlement Benefits to Class Members and Injunctive Relief**

3.1    Within fifteen (15) days of the Effective Date, Defendant will establish the Settlement Fund by depositing the sum of $300,000 (three hundred thousand dollars) with the Administrator, which amount is inclusive of all damages, benefits, legal fees, costs, and service awards under the Settlement, as well as the costs of notice and administration except as provided below.

3.2    Defendants have produced documents to Plaintiff, entitled Occupancy Lists. These documents identify the tenant and co-tenants for each tenancy, the commencement date of each tenancy, and the amount of the initial submeter water/sewer bill issued for such tenancy. Based on these documents, there are a total of 5,887 Class Members. Defendants have attested to the accuracy of these documents, and it is understood and acknowledged that Plaintiff has relied on the accuracy of these documents in deciding to enter into this Agreement. Plaintiff retains the right to terminate and/or rescind the Agreement and this Settlement should it be determined that the documents contain any materially inaccurate, misleading, or incomplete information.

3.3    Plaintiff acknowledges that he, like other Class Members, was a tenant in an apartment occupied by multiple adult tenants, each of whom were listed as tenants and signed the leases for their apartments and are Class Members for purposes of this Settlement. To the extent that Class Members assert entitlement to any portion of any amounts paid under this Settlement to any co-tenant, it shall be the Class Members' and their co-tenants' responsibility to address such disputes. Defendants shall not be responsible for any failure by any Class Member to respond to or satisfy claims that other Class Members may assert as to amounts distributed to their co-tenants.

4

3.4     The Settlement Fund shall be disbursed as follows:

(a)     The Attorney Fee and Expense Award and the Plaintiff's Service Award, as set forth in Sections III.B and C, shall be paid from the Settlement Fund.

(b)     The Administrator's Fee shall be paid from the Settlement Fund, except as set forth in Section III.D.

(c)     After payment of the amounts set forth in (a) and (b), above, payments will be distributed to Class Members who have not properly excluded themselves from the Settlement as follows: (i) for each tenancy where $25.00 or less (but at least $0.01) was paid toward the first submetered water/sewer bill, the sum of $25.00 will be distributed in full to the tenant (if only one tenant), or if more than one tenant then pro rata to all co-tenants; and (ii) for each tenancy where more than $25.00 was paid toward the first submetered water/sewer bill, the actual amount paid will be distributed to the tenant (if only one tenant), or if more than one tenant then pro rata to all co-tenants. The total amount ultimately received by each Class Member in the latter group may increase due to the re-distribution of benefit checks, if any, as set forth in section 3.4(d), below.

(d)     Benefit checks to Class Members that are returned as undeliverable or that are not negotiated in a timely fashion, as set forth in Section VII, shall be re-distributed pro rata to those Class Members described in sub-section (c)(ii), above, to whom payments were effectively made. In addition, i at the time of re-distribution it appears that the total amount allocated for distribution to said group would not exhaust the Settlement Fund, then the amounts distributed to such Class Members will be increased pro rata accordingly, the goal being to fully distribute the Settlement Fund.

3.5     Defendants represent and warrant that at all of the Properties, they have instituted the practice of reading apartment water submeters on the commencement dates of all new tenancies and mailing or otherwise delivering to new tenants said submeter readings on the commencement dates of said tenancies. Defendants further represent and warrant that they will hereafter maintain said practice at all Properties, barring any change(s) in Massachusetts law with respect to said requirements.

### B.     Fees and Expenses of Class Counsel

3.6     Not later than ten (10) days prior to the Final Approval Hearing, Class Counsel may apply to the Court for an award of legal fees and expenses in an amount not to exceed 30% of the Settlement Fund (the "Attorney Fee and Expense Award"). Defendants agree that said amount is reasonable and shall not oppose, object to, or appeal any ruling made on Class Counsel's application. All amounts of legal fees and expenses approved by the Court will be paid from the Settlement Fund, as set forth in Section III.A.1.

### C.     Service Awards

3.7     Not later than ten (10) days prior to the Final Approval Hearing, the Class Representative Massimiliano Perrault and the former putative Class Representative, Emily Anderson, may each apply to the Court for a Service Award in an amount not to exceed $5,000 (the "Plaintiff's Service Award"). Defendants agree that said amounts are reasonable and shall not

oppose, object to, or appeal any ruling made on said application. Any Plaintiff's Service Awards approved by the Court shall be paid from the Settlement Fund, as set forth in Section III.A.2.

### D.     Fees and Costs of Notice and Settlement Administration

3.8     The Administrator's Fee shall be paid as follows: Defendants shall pay one-half (50%) of the Administrator's Fee, said contribution not to exceed $5,000, separate and apart from the Settlement Fund. The remainder of the Administrator's Fee shall be paid by the Settlement Fund, as set forth in Section II. In no event shall Plaintiff, Class Counsel, or any individual Class Member be liable or responsible for any costs or expenses of Class Notice or Class Administration.

### E.     Effective Date

3.9     The Effective Date of the Settlement is thirty-one (31) days after the Court's entry of a Final Judgment approving the Settlement or, if a timely appeal is taken, thirty-one (31) days after disposition of such appeal if the Final Judgment is affirmed with no further appeals or re-hearings provided by law. If the Settlement does not become effective, it shall be deemed null and void, shall be without prejudice to the rights of the Parties, and shall not be used in subsequent proceedings in the Action or in other litigation or in another forum.

**Section IV**
**Class Notice Plan**

4.1     <u>Email Notice</u>. Within fourteen (14) days of entry of the Preliminary Approval Order, Defendants will provide the Class List to the Administrator and Class Counsel, consisting of a database in an electronically searchable and readable format containing the following tenant information:

(a)     full name of each Class Member;

(b)     to the extent available in Defendants' records, each Class Member's last-known mailing address (which for current tenants will be their address at the Property), last-known email address, last-known telephone number(s); and

(c)     the projected amount of each Class Member's distribution.

4.2     All Class Member information provided to the Administrator shall be kept in strict confidence and will be used solely to effectuate the provisions of this Agreement.

4.3     Within fourteen (14) days of receipt of the above-described database, the Administrator shall send the text of the summary notice in substantially the form appended hereto as Exhibit A to each Class Member's last-known email address. The summary notice will: (i) briefly describe the Action; (ii) state that the addressee is a Class Member entitled to receive benefits under the Settlement; and (iii) state the URL for the settlement website, where the full notice and other case documents may be found and reviewed.

4.4     For each email notice returned to the Administrator as undeliverable, within ten (10) days the Administrator will mail a postcard summary notice to the Class Member's last-

known mailing address. Prior to mailing postcard notice, the Administrator will check the Class Member's mailing address provided by Defendant against the United States Postal Service National Change of Address Database and update addresses accordingly. If a postcard notice is returned without a forwarding address, within ten (10) days of receipt the Administrator shall perform a skip-trace search to locate any updated address for such Class Member and remail the postcard notice to said address.

4.5     Full Notice.  The Full Notice shall: (i) explain the nature of the case, the Claims, the Class, and the rationale for Settlement; (ii) explain the relief to be provided to Class Members; (iii) describe the procedures and time frames relative to Class Members receiving payment from the Settlement Fund; (iv) identify the Settlement website and Administrator; (v) identify Class Counsel and the Class Representative; (vi) explain how to contact the Administrator and Class Counsel; (vii) explain the rights of Class Members to object to the Settlement, enter an appearance through an attorney, and/or request exclusion; (viii) explain how Class Members may exclude themselves from the Settlement; (ix) indicate the time and place of the Final Hearing; and (x) state that no payments will be made until and unless the Settlement receives final approval and the Effective Date occurs. Said Notice shall be substantially in the form attached hereto as Exhibit B.

4.6     Settlement Website.  No later than the date of emailing summary notices, the Administrator will establish and host a settlement website, the content and format of which shall be approved by the Parties. At a minimum, the website will contain the following: (a) copies of the Complaint, Settlement Agreement, Preliminary Approval Order, and Full Notice; (b) a summary of the Settlement terms; (c) a list of "frequently asked questions;" and (d) a clear and conspicuous statement advising Class Members to update their contact information with the Administrator. The Settlement website shall not include a live chat feature. The Settlement website shall continue to be hosted and remain accessible for a minimum of thirty (30) days following the expiration date of the last settlement check(s) mailed to Class Members.

4.7     Class Notice Reports  Beginning two (2) weeks after the initial mailing of Class Notice and every two (2) weeks thereafter, the Administrator will provide the Parties with a report stating: (i) the number of any returned Notices; (ii) the status of address updates and Notice re-mailings; and (iii) the number and nature of any objections received.

4.8     Communication/Cooperation with Administrator.  Class Counsel and Defendants' Counsel may each communicate with the Administrator as needed to monitor the implementation of the Class Notice Plan and as may be necessary or helpful to effectuate the Administrator's tasks. Counsel for both Parties shall cooperate in good faith to ensure that the Administrator is performing its required actions and shall each be entitled to all reports and accounts of the Administrator.

4.9     The Parties are jointly responsible for addressing and attempting in good faith to resolve all disputes that may arise during the Settlement notice and administration process. In the event that the Parties cannot resolve a dispute, they will request a teleconference with the Court to discuss the dispute. After such teleconference, the Court will determine and resolve the dispute, and such decision of the Court shall be final and binding. This provision is not intended to bar either Party from bringing a motion to enforce this Settlement Agreement or initiating an action for breach of this Settlement Agreement.

**Section V**
**Procedures for Preliminary Settlement Approval**

Upon full execution of this Settlement Agreement, the Parties shall promptly file a joint motion requesting that the Court enter a Preliminary Approval Order.

5.1     Preliminary Approval Order.  The Preliminary Approval Order will substantially provide as follows:

(a)     Certify the Class conditionally in accordance with Rule 23(b)(2) of the Federal Rules of Civil Procedure;

(b)     Preliminarily appoint Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

(c)     Find on a preliminary basis that the Settlement is fair, adequate, and reasonable and preliminarily approve same;

(d)     Preliminarily enjoin the prosecution of the Claims by absent Class Members;

(e)     Approve the Class Notice Plan and the contents of Notice as adequate and consistent with the due process rights and other rights of Class Members;

(f)     State that Class Members may object to the Settlement;

(g)     Direct that Defendants provide the Class List to Class Counsel within fourteen (14) days of the date of entry of the Preliminary Approval Order.

(h)     Set a date, time, and place for the Final Approval Hearing consistent with the timelines in this Settlement Agreement.

The Parties submit that the form of preliminary approval order appended hereto as Exhibit  C meets the above criteria.

5.2     Resolution of issues/concerns.  The Parties agree to make prompt, reasonable, and good faith efforts to address any concerns raised by the Court with respect to any provision of the Settlement Agreement and/or any language of the Preliminary Approval Order and, if such efforts are successful, to file such amended and/or supplemental documents as may be necessary to satisfy the Court's concern(s).

**Section VI**
**Objections**

6.1     Any Class Member desiring to object to the fairness, reasonableness, or adequacy of this Settlement, including but not limited to the benefits to be paid to Class Members, the provisions for Class Counsel fees and expenses, and the provisions for Service Awards to Plaintiff and the predecessor Plaintiff, must serve on Class Counsel no later than thirty (30) days prior to

the Final Approval Hearing a written statement of the objection. Class Members may object either on their own or through an attorney hired at their own expense. Each objection must state the Class Member's full name, current address, telephone number, and email address, must be signed by the Class Member, and must contain the name, address, and telephone number of any attorney representing the objector. Each objection must also state the specific reason(s) for objecting, citing any legal support the Class Member wishes to bring to the Court's attention and proffering any evidence the Class Member wishes to introduce in support of the objection. In order to appear and be heard at the Final Approval Hearing, any attorney representing an objector must file a notice of appearance with the Court and serve a copy of same on counsel for all Parties.

6.2    Any Class Member who fails to comply with the foregoing provisions for objecting to the Settlement may be deemed to have waived and forfeited any and all rights he or she may have to appear and/or object, and shall be bound by all the terms of this Settlement Agreement and by all proceedings, orders, and judgments in the Action.

6.3    Promptly upon receipt of any objection, Class Counsel will provide a copy of same to Defendants' Counsel.

6.4    No later than five (5) days prior to the Final Approval Hearing, Class Counsel will file a declaration with the Court setting forth any unresolved objections received and attaching copies thereof.

**Section VII**
**Class Member Exclusion Rights**

7.1    Any class member may choose to be excluded from this settlement agreement and from the class. This right may be exercised by notifying Class Counsel no later than thirty (30) days prior to the Final Approval Hearing by email and first-class mail. Any class member exercising this right shall not be bound by the terms of this settlement agreement nor entitled to any of its benefits.

**Section VIII**
**Procedures for Payment of Settlement Benefits**

8.1    Within seven (7) business days following the Effective Date, the Administrator shall establish a Settlement Fund Account at Citizens Bank, a bank that will cash settlement checks without charging a check cashing fee.

8.2    Within fifteen (15) days of establishment of the Settlement Fund, as set forth in Section III.A above, the Administrator shall distribute the Settlement Fund in accordance with Section III. All uncashed checks issued from the Settlement Fund shall be void after one hundred twenty (120) days from the date of issuance (the "First Void Date"), regardless of whether the check was returned as undeliverable with or without a forwarding address.

8.3    No later than fifteen (15) days after the First Void Date, any funds intended for Class Members that remain in the Settlement Fund because checks could not be delivered or were not cashed by the First Void Date shall be re-distributed on a *pro rata* basis to certain Class

Members, as specified in Section 3.4(d), above. All uncashed re-distributed checks shall be void sixty (60) days from the date of issuance (the "Second Void Date").

8.4    No later than fifteen (15) days after the Second Void Date, any funds intended for Class Members that remain in the Settlement Fund because checks could not be delivered or were not cashed or deposited shall be returned to Defendants.

8.5    No Party to this Agreement has made any representations to any other Party or to Class Members as to the tax consequences of any aspect of this Settlement.

8.6    Neither Class Counsel, Defendants' Counsel, nor the Court will entertain or address disputes between Class Members (whether co-tenants or otherwise) as to the allocation of settlement payments between them.

8.7    Within thirty (30) days after the Second Void Date, the Administrator shall provide Class Counsel and Defendant's Counsel with a final report of the administration of the Settlement.

**Section IX**
**Effect of Settlement**

9.1    <u>Release of Claims</u>.  Upon the Effective Date, Plaintiff and all Class Members shall be deemed to have released and discharged Defendants and Defendants' Released Persons from the Released Claims, including but not limited to any claims, demands, and liability whatsoever for damages and/or declaratory, injunctive, equitable, or other relief arising from or related to said Released Claims, whether known or unknown, foreseen or unforeseen, through September 6, 2024. The releases given in this section shall be binding upon all Class Members, even if they have not received a payment under this Settlement, including any Class Members who have, may have, or may claim the right to seek payment of some or all of any amount paid to a co-tenant under the Settlement.  The releases given to Defendants' Released Persons are without prejudice to the rights of any Class Member to assert any claims that they may have against any other Class Member with respect to any amounts that may have been received by such Class Member out of any payments made to or on behalf of the Class under this Settlement.

9.2    Upon the Effective Date, Defendants shall be deemed to have released and discharged Plaintiff and Plaintiff's Released Persons from the Released Claims, including but not limited to any claims, demands, and liability whatsoever for damages and/or declaratory, injunctive, equitable, or other relief arising from or related to said Released Claim, whether known or unknown, foreseen or unforeseen, through September 6, 2024.

9.3    Upon the Effective Date, Plaintiff and Defendants shall be deemed to have released and discharged each other and the other's Released Persons from any and all claims, demands, and liability whatsoever for damages and/or declaratory, injunctive, equitable or other relief arising from or related to Plaintiff's tenancy at Tewksbury Commons, except as otherwise provided in the Settlement Agreement in the separate case captioned *Emily Anderson et al. v. DSF IV Tewksbury Owner LLC, d/b/a The Residences at Tewksbury Commons*, Case No. 22H77CV000105 (Northeast Housing Ct.).

9.4     With respect to the Released Claims, the Parties and all Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law, subject to:

(a)     The provisions rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

and

(b)     Any law of any state of the United States, federal law or principle of common law which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

9.5     <u>Covenant Not to Sue or Raise Defenses</u>.  Upon the Effective Date, Plaintiff and all Class Members, acting individually or together, shall not institute, maintain, or prosecute any suit, action, or proceeding of any kind or in any forum whatsoever asserting the Released Claims.

9.6     <u>Failure to Receive Class Notice</u>.  The failure of any Class Member to receive a Class Notice or any other document described in this Settlement Agreement shall not be a basis for invalidating the Settlement, the Settlement Agreement, or any order issued pursuant thereto.

**Section X**
**<u>Final Approval and Entry of Judgment</u>**

10.1     No later than five (5) days prior to the date established for the Final Approval hearing, the parties shall file a joint motion for Final Approval of the Settlement.  At the Final Approval Hearing the Court shall: (i) determine whether to grant final approval to this Settlement Agreement; (ii) consider any timely and proper objections to this Settlement and all responses to such objections; (iii) rule on Class Counsel's application for the Attorney Fee and Expense Award; and (iv) rule on the application for Plaintiff's Service Awards. The Parties will submit with said motion a proposed Final Approval Order and Final Judgment agreed to by the parties in the form appended hereto as Exhibit D. Said Order, shall, among other things:

(a)     Determine that the Settlement is fair, adequate and reasonable;

(b)     Finally certify the Settlement Class for settlement purposes only;

(c)     Make final the appointment of Plaintiff as Class Representative and his attorneys as Class Counsel;

(d)     Determine that Class Notice was provided in accordance with the Settlement Agreement and the Preliminary Approval Order, and satisfies Due Process;

(e)    Approve an award of attorneys' fees and costs for Class Counsel;

(f)    Approve a service award to Plaintiff and the predecessor Plaintiff as deemed appropriate; and

(g)    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement and all Class Members to administer, supervise, construe and enforce this Agreement in accordance with its terms.

10.2    No later than ten (10) days prior to the date established for the Final Approval Hearing, the Class Administrator shall file an affidavit with the Court attesting to its compliance with the Class Notice Plan and shall include the number of Class Notices which could not be delivered to Class Members after exhaustion of all procedures specified herein.

10.3    Resolution of issues/concerns.  The Parties agree to make prompt, reasonable, and good faith efforts to address any concerns raised by the Court with respect to any provision of the proposed Final Judgment and to file such amended and/or supplemental documents as may be necessary to satisfy the Court's concern(s).

## Section XI
## Appeals

11.1    If the Final Approval Order and Judgment is appealed, the Parties shall each bear their own attorneys' fees, costs, and expenses in responding to such appeal. Recoupment of such fees, costs, and expenses may be sought against the appealing party from the appropriate court as allowed by law.

## Section XII
## Termination of the Settlement

12.1    Either Plaintiff or Defendants may terminate the Settlement and this Settlement Agreement by providing written notice of their election to do so ("Termination Notice") to the other Party, through their counsel, no later than fourteen (14) days after the occurrence of any of the following:

(a)    The refusal of the Court to enter the Preliminary Approval Order in any material respect following prompt, reasonable, and good faith efforts as described in Section V, above;

(b)    The refusal of the Court to enter the Proposed Final Judgment in any material respect following prompt, reasonable, and good faith efforts as described in Section IX, above; or

(c)    The modification or reversal of the Court-Approved Final Order and Judgment in any material respect by any appellate court of competent jurisdiction (other than any adjustment to the Attorney Fee and Expense Award that might be ordered by an appellate court).

12.2    In the event the Settlement is terminated pursuant to this paragraph, the Parties will revert to their respective status in the Action immediately prior to the execution of the Settlement Agreement and the Parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered.

**Section XIII**
**Additional Terms**

13.1    <u>Strict Performance; No Waiver</u>.  The failure of any Party to insist upon the strict performance of any provision of this Settlement Agreement shall not be deemed a waiver of any other provision of this Settlement Agreement or the strict performance thereof.

13.2    <u>Best Efforts</u>.  The Parties shall cooperate fully with each other and shall use their best efforts to obtain Court approval of this Settlement Agreement and to implement the Settlement.

13.3    <u>Arm's Length Transaction; No Reliance</u>.  The Parties negotiated the terms and conditions of this Settlement Agreement at arm's length.  All terms and conditions are material to this Settlement Agreement and have been relied upon by the Parties.  The Parties, with the advice of counsel, relied wholly upon their independent investigation, judgment, belief, and knowledge in making this Settlement Agreement and did not rely on any statement or representation made by any other Party.

13.4    <u>Joint Participation</u>.  Each Party participated jointly in drafting this Settlement Agreement.  Therefore, the terms of this Settlement Agreement shall not be construed against any Party by virtue of draftsmanship.

13.5    <u>Signatures/Counterparts</u>.    This Settlement Agreement may be executed electronically in counterparts that, together, form one instrument for all purposes.  Photocopies, facsimiles, or digital scans of execution copies shall be treated as originals.

13.6    <u>Beneficiaries</u>.  This Settlement Agreement shall inure to the benefit of the Parties and the Released Persons.  This Settlement Agreement may be enforced and relied upon by any Released Person without the aid or participation of any Party.

13.7    <u>Further Acts</u>  Each of the Parties, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Settlement Agreement.

13.8    <u>Captions and Headings</u>.    The captions and headings of the sections of this Settlement Agreement are for convenience only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

13.9    <u>Governing Law</u>.  This Settlement Agreement shall be governed by the laws of the Commonwealth of Massachusetts, without regard to conflict of law principles.

13.10    <u>Notice to Counsel</u>.  Notices to counsel shall be made by e-mail and first-class mail as follows:

13

(a)      If to Representative Plaintiff or Class Members, to Class Counsel.

(b)      If to Defendants, to Defendants' Counsel.

13.11   <u>Entire Agreement; Waiver, Modification, Amendment</u>.   No representations, warranties, or inducements have been made to any of the Parties to this Settlement Agreement, other than those representations, warranties, and covenants expressly set forth herein.   This Settlement Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior negotiations and understandings between the Parties shall be deemed merged into this Settlement Agreement. No waiver, modification, or amendment of the terms of this Settlement Agreement, other than extensions of time agreed by the Parties, shall be valid or binding unless in writing, signed by all Parties, and, as necessary, approved by the Court.   Unless the Court orders that such a waiver, modification, or amendment of the terms of this Settlement Agreement materially affects the rights of the Class Members and, therefore, orders additional notice to the Class Members, no subsequent or additional notice to the Class Members shall be required.

13.12   <u>Attorneys Consulted</u>.   The Parties consulted with their respective attorneys concerning this Settlement Agreement and understand all of its provisions.

13.13   <u>Modification/Amendment</u>.   The Parties will cooperate to amend this Settlement Agreement as suggested or urged by the Court in order to obtain preliminary or final approval of the Settlement, as more particularly described herein. However, neither Party is obligated or bound to agree to any material amendment of any material term of this Agreement. No modification or amendment of this Agreement shall be valid or enforceable unless memorialized in a writing signed by the Parties and the Parties' Counsel.

11.14   <u>Construction of Settlement Agreement</u>.   Unless otherwise indicated, the "Definitions" and other defined terms in this Agreement include the plural as well as the singular. Reference to any law, rule, or regulation includes any amendment, modification, or successor thereto. The words "include," "includes," and "including" are not limiting and shall be deemed to be followed by the words "without limitation" whether or not followed by such words or words of like import. The terms "hereof," "herein," "hereunder," and comparable terms refer to this entire Settlement Agreement and not to any particular article, paragraph, section, or other subsection or subdivision thereof. The words "and" and "or" shall be construed conjunctively and disjunctively as necessary to make a provision inclusive rather than exclusive. The words "and" and "all" shall be construed to include "each" and "each and every."

ONLY SIGNATURES TO FOLLOW

**Massimiliano Perrault, Plaintiff/Class Representative:**


Date: 10/30/2024


Class Counsel, Kenneth D. Quat

/s/Kenneth D. Quat

Date: 10/31/24


Class Counsel, John R. Yasi:

/s/John R. Yasi

Date: 10/31/24

**Defendants,**
**By their duly authorized officer:**

Name: _ROBERT LEE_

Title: _AUTHORIZED SIGNATORY_

Date: _10/31/24_

Defendants' Counsel, Thomas H. Wintner:

Date: _11/1/24_

16

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**If You Were a Tenant of Certain JRK Apartment Complexes in Massachusetts at any time from February 2, 2019 through September 6, 2024, You May Be Entitled to a Payment from a Class Action Settlement.**

A Settlement has been reached with JRK Property Holdings, Inc. and related entities ("Defendants") in a class action lawsuit. The Settlement resolves a claim alleging that Defendants violated Massachusetts law by not sending initial water submeter readings to new tenants on the commencement dates of their tenancies. Defendants deny that they violated the law. The Court has not decided which side is right.

**Who is included?** Defendants' records indicate that you are a Class Member. A Class Member is a person who was a lessee (as a tenant or co-tenant) at any one of the following properties at any time from February 2, 2019 through September 6, 2024: One Webster Apartments, Chelsea, MA; Residences at Tewksbury Commons, Tewksbury, MA; The Residences at Stevens Pond, Saugus, MA; Essex Apartment Homes, Peabody, MA; or The Charles Bellingham, Bellingham, MA.

**What does the settlement provide?** Defendants have agreed to establish a settlement fund in the amount of $300,000. The legal fees and expenses of Class Counsel, Service Awards to Plaintiff and his predecessor, and the notice/administration costs (less $5,000 contributed by Defendants) will be paid from this fund before payments are made to Class Members.

**How do I get a payment?** You do not need to do anything to receive a payment. The Settlement provides for payments to be mailed to Class Members following final approval.

**Your other options.** If you do nothing, you will automatically receive a settlement payment and will give up your right to be part of any other lawsuit against Defendants asserting the settled claim. Alternatively, you may (i) exclude yourself from settlement or (ii) object to the settlement and request that you or your lawyer appear and speak at the court's Final Approval Hearing—at your own cost—but you don't have to. Requests for exclusion and objections are due by _____.

**The Court's Final Approval Hearing.** The Court will hold a Final Approval Hearing in this case (*Perrault v. JRK Property Holdings, et al.,* United States District Court, District of Massachusetts, Civil Action No. 23-10746-FDS) at _____ on _____, 2025, at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA. At the hearing, the Court will decide whether to approve the Settlement, Class Counsel's request for attorneys' fees and costs, and service awards to Plaintiff and his predecessor.

**How can I get more information?** More information about the Settlement, including your options and relevant documents (such as a detailed class notice and the settlement agreement) can be found at www.jrksettlement.com. If you have questions you can email the Settlement Administrator (jrksettlement@optimeadmin.com) or Class Counsel (jrksettlement@quatlaw.com).

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

# If You Were a Tenant of Certain JRK Apartment Complexes in Massachusetts at any time from February 2, 2019 through September 6, 2024, You May Be Entitled to a Payment from a Class Action Settlement.

*A Massachusetts federal court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*

- A Settlement has been reached in a putative class action lawsuit about whether the rights of tenants in certain Massachusetts apartment complexes owned and/or managed by JRK Property Holdings, Inc. and JRK Residential Group, Inc. were violated in connection with the billing of tenants for submetering water and sewer service. The tenants allege that Defendants (the two JRK entities named above, plus Utility Billing, Inc. and Tewksbury Apartments Property Owner, LLC) failed to mail initial water submeter readings to new tenants on the commencement dates of their tenancies, as required by Massachusetts law. Defendants deny that they did anything wrong. The Court has not determined who is right.

- Those included in the Settlement are eligible to receive a payment from the Settlement Fund, which is a total of $300,000 (three hundred thousand dollars). The actual amount of the payments to each Class Member will be based on allocations agreed to by the parties and approved by the Court after the payment of attorneys' fees and expenses, the payment of a service award to Plaintiff and his predecessor approved by the Court, and the payment of expenses for providing notice and administering the Settlement.

- **Please read this notice carefully.** Your legal rights are affected whether you act or don't act.

- **Do not contact the Court about this Settlement. Any questions that you may have about this Notice or the Settlement should be directed to the Settlement Administrator or Class Counsel.**

- **You should notify the Settlement Administrator immediately if your mailing address or email address has changed or will soon change.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBJECT** | Write to explain why you don't like the Settlement. See Paragraph 15 of this Notice. |
| **EXCLUDE YOURSELF** | You may exclude yourself from the Settlement, thereby preserving any right you may have to pursue an individual claim. See Paragraph 14 of this Notice. |
| **PARTICIPATE IN THE HEARING** | You may tell the Court why you don't like the Settlement, but you are not required to do so. See Paragraph 16 of this Notice. |
| **DO NOTHING** | You received this Notice because Defendants' records show you were a tenant who is entitled to receive a payment from the Settlement Fund. Whether or not you receive and accept a settlement payment, you will give up your right to sue Defendants for the claims released under the Settlement Agreement. See Paragraphs 10 – 11 of this Notice. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice. For complete details, view the Settlement Agreement, available at **JRKSettlement.com**.

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A judge of the United States District Court for the District of Massachusetts authorized this notice because you have a right to know about this Settlement and all of your options. This Notice explains the lawsuit, the Settlement, and your legal rights.

This case (the "Lawsuit") is pending in this court. The Lawsuit is known as *Massimiliano Perrault v. JRK Property Holdings, Inc., et al.,* Civil Action No. 23-10746-FDS. The tenant who is pursuing the case, Massimiliano Perrault, is called the Plaintiff or Class Representative.

### 2.  What is a Class Action?

In a class action, one or more people sue on behalf of a group or a "class" of people who have similar claims. The court resolves the issues for all Class Members, but only if the Court finds that a common resolution is appropriate under the rules.

## 3.  What is this Lawsuit about?

This Lawsuit alleges that the Defendants failed to mail initial water submeter readings to new tenants on the commencement dates of their tenancies, as required by Massachusetts law. Defendants deny that it did anything wrong and maintain they have defenses to the Lawsuit.

The Court has not determined who is right. Rather, the Parties have agreed to settle the Lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

## 4.  Why is there a Settlement?

The Court has not decided who should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, months or years from now.

# WHO'S INCLUDED IN THE SETTLEMENT?

## 5.  How do I know if I am in the Settlement Class?

You are in the Settlement Class if you fall into this Class Definition:

> **All persons who were lessees (as tenants or co-tenants) of apartments at one or more of the following properties at any time from February 2, 2019 through September 6, 2024: One Webster Apartments, Chelsea, MA; Residences at Tewksbury Commons, Tewksbury, MA; The Residences at Stevens Pond Saugus, MA; Essex Apartment Homes, Peabody, MA; or The Charles Bellingham, Bellingham, MA.**

The Court has given preliminary approval to the Settlement.  This Court order is available by clicking the "Preliminary Approval Order" link under the "Important Documents Tab" on the Settlement Website, located at **www.JRKSettlement.com.**

# THE SETTLEMENT BENEFITS

## 6.  What does the Settlement provide?

The Settlement provides for Defendants to pay a total of $300,000 to settle the case (the "Settlement Fund"). Any attorneys' fees and expenses approved by the Court, any payment to the Class Representative (and his predecessor) approved by the Court, and the costs of providing notice and administering the Settlement (after Defendants' contribution of $5,000) will first come out of the Settlement Fund (*see* Question 13). The amount remaining after deducting these sums will be used to make cash payments to Class Members.

## 7.  How much will my payment be?

The Settlement provides for you and any of your co-tenants to receive a distribution based on the amount paid toward the first submetered water/sewer bill issued for your tenancy (a co-tenant is any other adult named in addition to you on your lease). If the payment made toward the bill was $25.00 or less (but at least $0.01), the sum of $25.00 will be distributed to you alone or in equal shares to you and any co-tenant(s) (this minimum payment of $25.00 is authorized by one of the laws that Defendants are alleged to have violated, Mass. Gen. Laws c. 93A). If the payment made toward the bill was more than $25.00, you alone or you and your co-tenant(s) equally will receive at least the amount actually paid toward the first submetered water/sewer bill.

Any amount remaining in the Settlement Fund after distribution of these amounts (for example, due to uncashed checks) will be re-distributed on a *pro rata* basis to those Class Members in the second group above (i.e., more than $25.00 was paid toward the first submetered bill) and who cashed their Settlement checks.

**Payments made under this Settlement may be considered taxable income. However, the lawyers are not tax professionals and make no representations as to whether payments may be considered taxable income under federal or state law. You should consult a financial advisor or tax professional with any questions or concerns you may have about this issue.**

## 8.  When will I get my payment?

If you are entitled to receive a payment, you should receive a check from the settlement administrator within 60 - 75 days after the Settlement has been finally approved and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final approval of the Settlement will be held on _____, 2025, at the United States District Court, 1 Courthouse Way, Boston, Massachusetts. All checks will expire and become void 120 days after they are issued.

# HOW TO GET A PAYMENT

## 9.  Do I need to do anything to get benefits?

You don't need to do anything to receive a payment. ***However, it is important that you confirm that the Settlement Administrator has your current mailing and email addresses and that you notify the Administrator of any change in address that occurs or is expected to occur before payments are mailed.***

## WHAT AM I GIVING UP IN THE SETTLEMENT

**10.  What am I giving up as a result of this Settlement?**

If the Settlement becomes final, you will give up your right to sue Defendants and related entities and individuals for the claims being resolved by this Settlement. The specific claims and parties being released are described in Paragraphs 19 and 20, below, and in the Settlement Agreement.

If you have any questions you can contact Class Counsel, Kenneth D. Quat and John R. Yasi, for free or you can, of course, talk to your own lawyer (at your own expense).

**11.  What happens if I do nothing at all?**

If you do nothing, you will get the benefit from this Settlement and give up your right to sue Defendants and related entities and individuals over the Settled Claims.

## THE LAWYERS REPRESENTING YOU

**12.  Do I have a lawyer in the case?**

The Court has appointed Kenneth D. Quat, of Quat Law Offices, and John R. Yasi, of Yasi & Yasi, P.C., as the attorneys to represent the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, filing the case, prosecuting the case, and negotiating with Defendants' attorneys, that the Settlement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Your lawyer may enter an appearance in the case, again at your expense.

**13.  How will the lawyers, Class Representative and Settlement Administrator be paid?**

The Settlement Agreement allows Class Counsel to submit a request for reasonable attorneys' fees and costs of up to 30% of the Settlement Fund for investigating and analyzing the claim, preparing, filing, and prosecuting the case, and negotiating the Settlement. Class Counsel may seek, and the Court may award, less than this amount. Class Counsel also will apply to the Court for a Service Award in the amount of up to $5,000 each for Massimiliano Perrault and his predecessor Plaintiff/Class Representative (Emily Anderson) for their efforts in bringing the Lawsuit and assisting Class Counsel throughout the Lawsuit. All amounts approved by the Court will be paid from the Settlement Fund before making payments to Settlement Class Members. In addition, after a contribution from Defendants of $5,000, the cost of providing notice to Settlement Class Members and administering the Settlement will be paid from the Settlement Fund before payments are made to Class Members.

## 14.  May I get out of the Settlement?

Yes, under federal law have the right to exclude yourself from the Settlement. If you file a timely and effective request for exclusion, you will be excluded from the Class and you: (i) cannot object to the proposed Settlement or the requests for attorney's fees, expenses, or Service Awards; (ii) will not be entitled to any benefits (if the Settlement is approved); and (iii) will not be bound by any judgment or by the release of claims executed in connection with the Settlement.

In order to exclude yourself from the Settlement, you must email, mail, or otherwise deliver a written request to Class Counsel at the address set forth below. The request must be emailed, delivered, or post-marked before _____, 2025. Your request must state your full name, your current mailing and email addresses, your address(es) while a tenant of Defendants; and your current telephone number.

Kenneth D. Quat, Esq.
373 Winch Street
Framingham, MA 01701
jrksettlement@quatlaw.com
Class Counsel

# OBJECTING TO THE SETTLEMENT

## 15.  What can I do if I do not like the Settlement?

You can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views before deciding whether to approve the Settlement. To object, you must send a letter or an email stating that you object to the Settlement, identify all your reasons for your objections (including citations and supporting evidence), attach any materials you rely on for your objections, and provide the name and contact information of any lawyer representing you. Your letter or brief must also indicate whether you intend to address the Court at the Final Approval Hearing and include your name, address, phone number, and signature. Your objection must be emailed, delivered, or post-marked before _____, 2025.

Kenneth D. Quat, Esq.
373 Winch Street
Framingham, MA 01701
jrksettlement@quatlaw.com
Class Counsel

## 16.  May I speak to the Court about my objection?

Yes - if you submit an objection as provided in Paragraph 15 above, you may ask the Court for permission to speak at the Final Approval Hearing.  If you want to appear and speak at the Final Approval Hearing, with or without a lawyer, you must say so in your objection.

## THE FINAL APPROVAL HEARING

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at _____ on _____, 2025, at the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts. The purpose of this hearing is for the Court to consider whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for an award of attorneys' fees and expenses; and to consider the request for service awards to the Class Representative and his predecessor. If any Class Member (or his/her attorney) has asked to speak at the hearing, the Court will listen to them at that time. The Court will issue its decision after the hearing. We do not know how long it will take for the Court to decide.

The hearing may be postponed to a different date or time without notice, so if you plan to attend it is a good idea to check with Class Counsel by emailing: jrksettlement@quatlaw.com.  If, however, you have timely objected to the Settlement and notified the lawyers that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date or time of such hearing.

**18. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have about the Settlement. But you are welcome to attend the hearing. If you have made an objection to the Settlement you don't have to come to Court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also hire your own lawyer to attend and speak on your behalf at the hearing, but this is not required.

## GETTING MORE INFORMATION

**19. Where do I get more information about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the full Settlement Agreement, which can be viewed or downloaded [*here*]. You also can get a copy of the Settlement Agreement by emailing the Settlement Administrator at  jrksettlement@optimeadmin.com  or by visiting www.jrksettlement.com.  You can call the Settlement Administrator at _____ or email Class Counsel at jrksettlement@quatlaw.com if you have any questions. Before doing so, however, please read this Notice carefully.

Many of the Court papers, including this Notice, the Settlement Agreement, and the Preliminary Approval Order are posted on the Settlement website JRKSettlement.com. You also can obtain a copy of the Settlement Agreement or review any other public papers relating to the lawsuit by examining the records of this case at the Court Clerk's office at 1 Courthouse Way, Boston, Massachusetts. The Court Clerk's office has the ability to make copies of any such public documents for a fee. *Any questions that you may have about this Notice or the Settlement should not be directed to the Court but should be directed to the Settlement Administrator or Class Counsel.*

**20.  What am I giving up in exchange for the Settlement benefits?**

If the Settlement is approved you will give up the ability to sue Defendants and all their past and present officers, employees, agents, attorneys, shareholders, parent corporations, subsidiaries, affiliates, predecessors, successors, and assigns for any and all claims and causes of action based on or arising out of Defendants' alleged failure to mail or otherwise deliver apartment submeter readings on the commencement dates of new tenancies.

**21.  What are the released claims?**

The "Released Claims" are defined above. They are the alleged failure of Defendants to mail or otherwise deliver apartment submeter readings on the commencement dates of new tenancies. The full terms of the Release are set forth in Section IX of the Settlement Agreement available at www.JRKSettlement.com.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MASSIMILIANO PERRAULT, individually and on behalf of all others similarly situated,** ) <br> ) <br> ) <br> **Plaintiff** ) <br> ) <br> **v.** ) <br> ) <br> **JRK PROPERTY HOLDINGS, INC.,** ) <br> **JRK RESIDENTIAL GROUP, INC.,** ) <br> **UTILITY BILLING, INC., and** ) <br> **TEWKSBURY APARTMENTS PROPERTY** ) <br> **OWNER, LLC,** ) <br> ) <br> **Defendants** ) <br> ) | **Civil Action No. 23-10746-FDS** |

**[Proposed] PRELIMINARY APPROVAL ORDER**

After hearing, and the Court having reviewed the Class Action Settlement Agreement filed with the Court on November 5, 2024 (the "Settlement Agreement"), and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Court adopts all defined terms as set forth in the Settlement Agreement, which are incorporated herein by reference.

2.    The Court has jurisdiction over the subject matter of the Action, Plaintiff, the Class Members, and Defendants.

3.    The Court preliminarily approves the terms of the Settlement Agreement as being fair, reasonable, and adequate to the Class, subject to further consideration at the Final Approval Hearing described below.

1

4.      The Court preliminarily finds that the Class as defined in the Settlement Agreement meets, for settlement purposes only, the requirements for certification under Federal Rule of Civil Procedure 23(b)(3). The Court provisionally certifies the Class for the purposes of settlement and without prejudice to the Parties in the event the Settlement is not finally approved or otherwise does not take effect.

5.      The Court hereby appoints the named Plaintiff as Class Representative for purposes of entering into and implementing the Settlement.  The Court also appoints attorneys Kenneth D. Quat and John R. Yasi as Class Counsel as set forth in the Settlement Agreement.

6.      The Court finds that the Notices in the forms attached to the Settlement Agreement as Exhibits A and B are reasonably and practicably calculated to notify Class Members of, *inter alia,* the pendency of the Action, the nature of the Action, the relief to be provided, and their rights to exclude themselves from or to object to the Settlement and to appear at the Final Approval Hearing.

7.      Defendants are hereby authorized to provide a class list to the Settlement Administrator.

8.      The Court finds that dissemination of the Notice in the manner described in the Settlement Agreement is reasonably formulated to reach a substantial percentage of the Class Members and constitutes the best notice practicable under all the circumstances.  The Court further finds that dissemination of the Notice in said manner meets the requirements of the Federal Rules of Civil Procedure and the due process requirements of the Constitution of the United States and any other applicable law, and shall constitute adequate and sufficient notice to all persons entitled thereto.

9.      The Settlement Administrator shall comply with all provisions regarding the substance and delivery of Notice as set forth in Section IV of the Settlement Agreement.  No later than five (5) days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court and serve on all Counsel an affidavit of compliance with the Notice plan and procedures.

10.      No later than the date when the Summary Notice is emailed, the Settlement Administrator will establish a settlement website, the content of which will include the documents and features specified in Section IV.4.6 of the Agreement.

11.      Any Class Member may object to the proposed Settlement by serving on Class Counsel a written statement of objection in accordance with Section VI of the Settlement Agreement.  Said objections must be delivered no less than thirty (30) days prior to the Final Approval Hearing. Any Class Member who wishes to appear and be heard at the Final Approval Hearing, either in person or through counsel, must so indicate in the objection.  Class Counsel will file a list of any unresolved objections with the Court no later than five (5) days prior to the Final Approval Hearing.

12.      The Final Approval Hearing shall be held at _____ on _____, 2025, at the United States District Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts, to finally determine (i) whether the Class should be certified for purposes of the Settlement; (ii) whether the Settlement Agreement should be approved as fair, reasonable and adequate to the Class; (iii) whether Class Counsel should be awarded legal fees and expenses in the amounts requested; (iv) whether Plaintiff, as the Class Representative, should be awarded a Service Award in the amount requested; and (v) whether the Final Order and Judgment approving the Settlement should be entered.  The Motion for Final Approval is to be filed not later than five (5) days prior to said hearing, supported by

Class Counsel's request for attorneys' fees and expenses and Plaintiff's request for a Service Award. The Court may continue or adjourn the Final Approval Hearing without further notice to Class Members.

13.     Pending determination of final approval of the Settlement, Plaintiff and Class Members are hereby enjoined from asserting, commencing, continuing or prosecuting any of the Released Claims as defined in the Settlement Agreement against Defendants and Defendants' Released Persons in any action, suit or other proceeding.  All proceedings in this Action are stayed, other than proceedings related to the Settlement.

14.     The Court retains jurisdiction over the Action to consider all further applications, motions, and/or disputes arising out of or connected with the proposed Settlement.

15.     The Court hereby directs Plaintiff and Defendants to proceed in strict accordance with the terms of the Settlement Agreement for the purpose of consummating the proposed Settlement and providing Notice thereof, and hereby authorizes them to take all acts reasonably necessary to consummate the Settlement.

16.     The Court may for good cause extend any of the deadlines set forth in this Order without further notice to Class Members.


IT IS SO ORDERED.


_____
Judge, United States District Court


Dated: _____

4

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MASSIMILIANO PERRAULT, individually** | ) |
| **and on behalf of all others similarly situated,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | )　**Civil Action No. 23-10746-FDS** |
| | ) |
| **JRK PROPERTY HOLDINGS, INC.,** | ) |
| **JRK RESIDENTIAL GROUP, INC.,** | ) |
| **UTILITY BILLING, INC., and** | ) |
| **TEWKSBURY APARTMENTS PROPERTY** | ) |
| **OWNER, LLC,** | ) |
| | ) |
| **Defendants** | ) |
| | ) |

**[Proposed] FINAL ORDER AND JUDGMENT**[1]

This matter, having come before the Court on Plaintiff's Assented-to Motion for Final Approval of the Class Action Settlement, the Court having preliminarily approved the Settlement, and the Court having considered all papers filed and arguments made with respect to the Settlement,

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.	This Court has subject matter jurisdiction over the Action and this Settlement, and has personal jurisdiction over Defendants, the Class Members, and Plaintiff.

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the "Class Action Settlement Agreement" (the "Settlement Agreement").

2.      For purposes of settlement, this Action satisfies the requirements for class action treatment under Fed. R. Civ. P. 23(b)(3). The Class as defined in this Court's Preliminary Approval Order is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claim of Plaintiff is typical of the claims of the Class, and Plaintiff will fairly and adequately protect the interests of the Class.  In addition, questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, certification of a class action for purposes of settlement is superior to other available methods for the fair and efficient adjudication of the controversy, and Class Members are ascertainable.

3.      This Action is finally certified as a class action under Fed. R. Civ. P. 23(b)(3) on behalf of the Class.

4.      Notice to the Class pursuant to Fed. R. Civ. P. 23(c)(2)(B) has been provided in accordance with the Court's Preliminary Approval Order, and such notice satisfies the requirements of said Rule and due process.

5.      The persons who made timely and valid requests for exclusion from the Class and who are therefore not deemed bound by the Settlement Agreement or this Final Order and Judgment are set forth in Exhibit A, attached hereto.

6.      The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by Plaintiff.

7.      The terms set forth in the Settlement Agreement are fair, reasonable, and adequate to members of the Class in light of the uncertainties, expense and duration of litigation and the risks involved in establishing liability and damages and prosecuting the Claims through trial and appeal.

8.      The relief provided under the Settlement Agreement constitutes fair value given

in exchange for the releases of the Claims against Defendants and Defendants' Released Persons.

9.      The parties and each member of the Class have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

10.     It is in the best interests of the parties and Class Members and consistent with principles of judicial economy that any dispute between any member of the Class (including any dispute as to whether any person is a member of the Class) and any released person which in any way relates to the applicability or scope of the Settlement Agreement or this Final Approval Order and Judgment should be presented exclusively to this Court for resolution.

11.     The Settlement Agreement is finally approved pursuant to Mass. R. Civ. P. 23(c) as fair, reasonable, and adequate and in the best interests of Class Members.  The parties are directed to continue implementing the Settlement Agreement in accordance with its terms.

12.     The Court hereby approves the Class Members' releases of the Released Claims and Defendants' release of the Released Claims, as set forth in the Settlement Agreement.

13.     Plaintiff and Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Settled Class Claims, and the Court shall retain exclusive continuing jurisdiction to enforce said injunction.

14.     Without affecting the finality of this Judgment, the Court hereby reserves and retains jurisdiction over this Action, including the administration and implementation of the

settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the parties and each Class Member for any suit, action, proceeding, or dispute relating to this Order or the Settlement Agreement.  Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by any Class member in which provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, is a suit, action or proceeding relating to this Order.  Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

15.    The Court finally appoints the Plaintiff named above as Class Representative for purposes of entering into and implementing the Settlement.  The Court also finally appoints attorneys Kenneth D. Quat and John Y. Yasi as Class Counsel.

16.    Upon consideration of Class Counsel's motion for fees and expenses, the Court approves legal fees to Class Counsel in the amount of $ _____ and expenses in the amount of $ _____, to be paid in accordance with the Settlement Agreement.

17.    Upon consideration of Plaintiff's motion for a service award, and in consideration of  the valuable services performed by the Class Representative and his predecessor on behalf of the Class, the Court awards to each a service award in the amount of $ _____.

18.    All Class Members shall be bound by all the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in the Action concerning

the Settlement.

19.    Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Action or of any liability, fault of wrongdoing of any kind.

20.    Nothing in this Order shall be construed as a finding on the merits of any claim or defense. This Order shall not be given issue preclusive or "collateral estoppel" effect so as to establish that any claim or fact alleged in the Complaint was actually litigated or necessarily determined in this Action.

21.    Final Judgment is hereby entered in this Action consistent with the terms of the Settlement Agreement.

IT IS SO ORDERED.

_____
Judge, United States District Court

Dated: _____

**<u>Certificate of Service</u>**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants.

<u>/s/Kenneth D. Quat</u>

Dated: November 5, 2024