UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MASSIMILIANO PERRAULT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JRK PROPERTY HOLDINGS, INC.; JRK RESIDENTIAL GROUP, INC.; UTILITY BILLING, INC.; and TEWKSBURY APARTMENTS PROPERTY OWNER, LLC,<br><br>Defendants. | Civil Action No.<br>23-10746-FDS |

## PRELIMINARY APPROVAL ORDER

**SAYLOR, C.J.**

After a hearing, having reviewed the Class Action Settlement Agreement ("Settlement Agreement") (ECF 69), and for good cause shown, it is hereby ordered that:

1. The Court adopts all defined terms as set forth in the Settlement Agreement, which are incorporated here by reference.

2. The Court has jurisdiction over the subject matter of the Action, the Plaintiff, the Class Members, and the Defendants.

3. The Court preliminarily approves the terms of the Settlement Agreement as being fair, reasonable, and adequate to the Class, subject to further consideration at the Final Approval Hearing described below.

4. The Court preliminarily finds that the Class as defined in the Settlement Agreement meets, for settlement purposes only, the requirements for certification under Federal Rule of

Civil Procedure 23(b)(3). The Court provisionally certifies the Class for the purposes of settlement and without prejudice to the Parties in the event the Settlement is not finally approved or otherwise does not take effect.

5. The named Plaintiff is appointed as Class Representative for purposes of entering into and implementing the Settlement. The Court also appoints attorneys Kenneth D. Quat and John R. Yasi as Class Counsel as set forth in the Settlement Agreement.

6. The Court finds that the Notices in the forms attached to the Settlement Agreement as Exhibits A and B are reasonably and practicably calculated to notify Class Members of, among other things, the pendency of the Action, the nature of the Action, the relief to be provided, and their rights to exclude themselves from or to object to the Settlement and to appear at the Final Approval Hearing.

7. Defendants are authorized to provide a class list to the Settlement Administrator.

8. The Court finds that dissemination of the Notice in the manner described in the Settlement Agreement is reasonably formulated to reach a substantial percentage of the Class Members and constitutes the best notice practicable under all the circumstances. The Court further finds that dissemination of the Notice in this manner meets the requirements of the Federal Rules of Civil Procedure and the due process requirements of the Constitution of the United States and any other applicable law, and shall constitute adequate and sufficient notice to all persons entitled thereto.

9. The Settlement Administrator shall comply with all provisions regarding the substance and delivery of Notice as set forth in Section IV of the Settlement Agreement. No later than five days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court and serve on all Counsel an affidavit of compliance with the Notice plan and procedures.

10. No later than the date when the Summary Notice is emailed, the Settlement Administrator will establish a settlement website, the content of which will include the documents and features specified in Section IV.4.6 of the Settlement Agreement.

11. Any Class Member may object to the proposed Settlement by serving on Class Counsel a written statement of objection in accordance with Section VI of the Settlement Agreement. These objections must be delivered no less than 30 days prior to the Final Approval Hearing. Any Class Member who wishes to appear and be heard at the Final Approval Hearing, either in person or through counsel, must so indicate in the objection. Class Counsel will file a list of any unresolved objections with the Court no later than five days prior to the Final Approval Hearing.

12. The Final Approval Hearing shall be held on Thursday March 27, 2025, at 2:30 p.m., at the United States District Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts, to finally determine (a) whether the Class should be certified for purposes of the Settlement; (b) whether the Settlement Agreement should be approved as fair, reasonable and adequate to the Class; (c) whether Class Counsel should be awarded legal fees and expenses in the amounts requested; (d) whether Plaintiff, as the Class Representative, should be awarded a Service Award in the amount requested; and (e) whether the Final Order and Judgment approving the Settlement should be entered. The Motion for Final Approval is to be filed not later than five days prior to said hearing, supported by Class Counsel's request for attorneys' fees and expenses and Plaintiff's request for a Service Award. The Court may continue or adjourn the Final Approval Hearing without further notice to Class Members.

13. Pending determination of final approval of the Settlement, Plaintiff and Class Members are hereby enjoined from asserting, commencing, continuing, or prosecuting any of the

Released Claims as defined in the Settlement Agreement against Defendants and Defendants' Released Persons in any action, suit or other proceeding. All proceedings in this Action are stayed, other than proceedings related to the Settlement.

14. The Court retains jurisdiction over the Action to consider all further applications, motions, or disputes arising out of or connected with the proposed Settlement.

15. The Court directs Plaintiff and Defendants to proceed in strict accordance with the terms of the Settlement Agreement for the purpose of consummating the proposed Settlement and providing Notice of the proposed Settlement, and authorizes them to take all acts reasonably necessary to consummate the Settlement.

16. The Court may for good cause extend any of the deadlines set forth in this Order without further notice to Class Members.

**So Ordered.**

Dated: November 15, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court