**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MASSIMILIANO PERRAULT, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**JRK PROPERTY HOLDINGS, INC., JRK RESIDENTIAL GROUP, INC., UTILITY BILLING, INC., and TEWKSBURY APARTMENTS PROPERTY OWNER, LLC,**<br><br>**Defendants** | **Civil Action No. 23-10746-FDS** |

**PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS, AND FOR SERVICE AWARDS**

Plaintiff Massimiliano Perrault moves that this Honorable Court approve an award of attorneys' fees to Class Counsel in the amount of $86,486.60 and costs in the amount of $3,513.40 (total of $90,000), In addition, Plaintiff moves for approval of service awards of $5,000 each to Plaintiff and the predecessor plaintiff, Emily Anderson, all as provided in Section III of the Settlement Agreement. All amounts are to be paid from the Settlement Fund established by Defendants pursuant to the Agreement.

## A. REQUEST FOR FEES AND COSTS

### 1. The fees requested are reasonable as a percentage of the fund.

Where "the settlement establishes a 'common fund' of money for the benefit of class members . . . the court may shape the counsel fee based on what it determines is a reasonable percentage of the fund." *Roberts v. TJC Companies, Inc.*, 2016 WL 8677312 at * 9 (D. Mass. Sept.

30, 2016), citing *In re Thirteen Appeals,* 56 F.3d 295, 307 (1st Cir. 1995). The percentage approach has "distinct advantages," namely: (i) it is "less burdensome to administer," avoiding the need to review time records of multiple attorneys with respect to the necessity and reasonableness of each hour expended; (ii) it "enhances efficiency" by not rewarding excessive lawyering, and (iii) it "is result-oriented rather than process-oriented." *Id.* (internal citation and quotations omitted). *See Lea v. Tal Educ. Grp.,* 2021 WL 5578665, at *11 (S.D.N.Y. Nov. 30, 2021) (percentage method "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation"); *Commonwealth Care Alliance v. AstraZeneca Pharms., L.P.,* 2013 WL 6268236 at *2, n. 3 (Mass. Super. Aug. 2, 2013) (noting that "[t]he majority of courts, whether state or federal, utilize the percentage method where a common fund is involved").

Relevant factors in evaluating a percentage-based fee application include: (i) the size of the fund and number of persons benefitted; (ii) the complexity and duration of the litigation; (iii) the risks of the litigation; (iv) the amount of time expended by counsel; (v) the skill, experience, and efficiency of counsel; (vi) awards in similar cases; and (vii) public policy considerations, if any. *See In re Lupron Marketing and Sales Prac. Litig.,* 2005 WL 2006833 at *3 (D. Mass. Aug. 17, 2005).

Here, these factors indicate that the requested fee award – representing 28.8% of the Settlement Fund - is eminently reasonable. First, as explained in Plaintiff's motion for final approval, an excellent result was achieved on behalf of the Class. Second, also as explained, it was uncertain whether Plaintiff would ultimately prevail on the merits or in having a class certified at all. Third, there were no objections to the Settlement nor, more specifically, to the attorney's fees provisions of the Settlement. Fourth, counsel accepted and litigated the case solely on a contingent-

fee basis. *See* Declarations of Kenneth D. Quat, Esquire, ¶ 3; Declaration of John R. Yasi, Esquire, ¶ 5). Fifth, and finally, the amount requested is within the range of percentage-based awards regularly approved as reasonable. *Latorraca v. Centennial Techs., Inc.,* 834 F. Supp. 2d 25, 27 (D. Mass. 2011) ("[c]ourts in this circuit generally award attorneys' fees in the range of 20 – 30%"). *See,* e.g., *Roberts v. TJX Companies, Inc.*, 2016 WL 8677312 at *13-14 (D. Mass. Sept. 30, 2016) (33.33% fee award); *In re Celexa and Lexapro Marketing and Sales Practices Litigation*, 2014 WL 4446464 at *8 (D. Mass. Sept. 8, 2014) (30% fee award); *Latorraca*, 834 F. Supp. 2d at 28 (summarizing cases).

**2. <u>Class Counsels' lodestar supports the fee request.</u>**

In its discretion, a court may use Class Counsel's lodestar amount as a "cross-check" that a percentage-based fee is reasonable. *See Bezdek v. Vibram USA, Inc.*, 809 F. 3d 78, ** 84 – 85 (1st Cir. 2015). *Commonwealth Care Alliance*, 2013 WL 6268236 at *2, n. 3. The lodestar method of calculating attorney's fees in fee-shifting cases is the number of hours multiplied by the attorney's hourly rates. *Roberts v. TJC Companies, Inc.*, 2016 WL 8677312 at * 9 (D. Mass. Sept. 30 2016), citing *In re Thirteen Appeals,* 56 F.3d 295, 307 (1st Cir. 1995). According to the Class Counsels' declarations, their total time charges, calculated at normal and usual billing rates, are significantly less than the percentage-based fee requested, thus further supporting the requested fee award. Quat Declaration, ¶ 5; Yasi Declaration, ¶ 9.

**4) <u>Costs incurred were reasonable.</u>**

The total out-of-pocket expenses incurred on Plaintiff's behalf were $3,513.40, primarily for filing fees, process server fees, and deposition transcripts. Quat Declaration, ¶ 6.

## B. <u>REQUEST FOR SERVICE AWARDS</u>

Service (or "incentive") awards "serve an important function in promoting class action settlements, particularly where...the named plaintiffs participated actively in the litigation." *In re Lupron,* 2005 WL 2006833 at *7, *quoting Denney v. Jenkens & Gilchrist*, 2005 WL 388562 at *31 (S.D.N.Y. Feb. 18, 2005). Here, the Agreement provides for payment of $5,000 service awards each to Plaintiff and his predecessor, Emily Anderson. These awards are amply justified in the present case, as both individuals devoted substantial time and effort to the prosecution of the action, including claim investigation and development; reviewing pleadings; consulting with counsel regarding discovery, case strategy and settlement; preparing for and being deposed; assisting with settlement negotiations; and reviewing and approving settlement documents. Quat Declaration, ¶ 9. *See,* generally, *Eldridge* 2005 WL 503701 at *2 (summarizing factors). Moreover, no class member objected to the proposed awards, and the amount requested is eminently reasonable. *See,* e.g., *In re Relafen,* 231 F.R.D. 52, 82 (D. Mass. 2005) (multiple plaintiffs awarded $8,000 to $14,000 each); *Commonwealth Care Alliance,* at *2-3 ($15,000 awarded to each plaintiff); *Norflet v. John Hancock Life Ins. Co.,* 658 F. Supp. 2d 350, 354 (D. Conn. 2009) (class representative who participated in discovery and cooperated with counsel to resolve the case awarded $20,000).

## <u>Conclusion</u>

For the above reasons, the Court should: (a) award attorney's fees to Class Counsel in the amount of $86,486.60**;** (b) award costs in the amount of $3,513.40**;** and (c) approve service awards of $5,000 each to Emily Anderson and Massimiliano Perrault.

Respectfully submitted:

**MASSIMILIANO PERRAULT, Plaintiff**
By his attorneys:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-121
kquat@quatlaw.com

*/s/John R. Yasi*
BBO #556904
Yasi & Yasi, P.C.
2 Salem Green
Salem MA 01870
617-741-0400
john.yasi@yasiandyasi.com

**Certificate of Service**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants.

*/s/Kenneth D. Quat*

Dated: March 21, 2025