**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **MASSIMILIANO PERRAULT, individually and on behalf of all others similarly situated,** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Civil Action No. 23-10746-FDS** |
| **JRK PROPERTY HOLDINGS, INC., JRK RESIDENTIAL GROUP, INC., UTILITY BILLING, INC., and TEWKSBURY APARTMENTS PROPERTY OWNER, LLC,** | ) | |
| **Defendants** | ) | |

**FINAL ORDER AND JUDGMENT**[1]

This matter, having come before the Court on Plaintiff's Assented-to Motion for Final Approval of the Class Action Settlement, the Court having preliminarily approved the Settlement, and the Court having considered all papers filed and arguments made with respect to the Settlement,

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has subject matter jurisdiction over the Action and this Settlement, and has personal jurisdiction over Defendants, the Class Members, and Plaintiff.

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the "Class Action Settlement Agreement" (the "Settlement Agreement").

2. For purposes of settlement, this Action satisfies the requirements for class action treatment under Fed. R. Civ. P. 23(b)(3). The Class as defined in this Court's Preliminary Approval Order is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claim of Plaintiff is typical of the claims of the Class, and Plaintiff will fairly and adequately protect the interests of the Class. In addition, questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, certification of a class action for purposes of settlement is superior to other available methods for the fair and efficient adjudication of the controversy, and Class Members are ascertainable.

3. This Action is finally certified as a class action under Fed. R. Civ. P. 23(b)(3) on behalf of the Class.

4. Notice to the Class pursuant to Fed. R. Civ. P. 23(c)(2)(B) has been provided in accordance with the Court's Preliminary Approval Order, and such notice satisfies the requirements of said Rule and due process.

5. Class Members who made timely and valid requests for exclusion from the Class and who are therefore not deemed bound by the Settlement Agreement or this Final Order and Judgment are set forth in Exhibit A, attached hereto.

6. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by Plaintiff.

7. The terms set forth in the Settlement Agreement are fair, reasonable, and adequate to members of the Class in light of the uncertainties, expense and duration of litigation and the risks involved in establishing liability and damages and prosecuting the Claims through trial and appeal.

8. The relief provided under the Settlement Agreement constitutes fair value given

in exchange for the releases of the Claims against Defendants and Defendants' Released Persons.

9. The parties and each member of the Class have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

10. It is in the best interests of the parties and Class Members and consistent with principles of judicial economy that any dispute between any member of the Class (including any dispute as to whether any person is a member of the Class) and any released person which in any way relates to the applicability or scope of the Settlement Agreement or this Final Approval Order and Judgment should be presented exclusively to this Court for resolution.

11. The Settlement Agreement is finally approved pursuant to Fed. R. Civ. P. 23(c) as fair, reasonable, and adequate and in the best interests of Class Members. The parties are directed to continue implementing the Settlement Agreement in accordance with its terms.

12. The Court hereby approves the Class Members' releases of the Released Claims and Defendants' release of the Released Claims, as set forth in the Settlement Agreement.

13. Plaintiff and Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Settled Class Claims, and the Court shall retain exclusive continuing jurisdiction to enforce said injunction.

14. Without affecting the finality of this Judgment, the Court hereby reserves and retains jurisdiction over this Action, including the administration and implementation of the

settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the parties and each Class Member for any suit, action, proceeding, or dispute relating to this Order or the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by any Class member in which provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, is a suit, action or proceeding relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

15. The Court finally appoints the Plaintiff named above as Class Representative for purposes of entering into and implementing the Settlement. The Court also finally appoints attorneys Kenneth D. Quat and John Y. Yasi as Class Counsel.

16. Upon consideration of Class Counsel's motion for fees and expenses, the Court approves legal fees to Class Counsel in the amount of $ 86,846.60 and expenses in the amount of $ 3,513.40, to be paid in accordance with the Settlement Agreement.

17. Upon consideration of Plaintiff's motion for service awards, and in consideration of the valuable services performed by the Class Representative and his predecessor on behalf of the Class, the Court awards a service award to each in the amount of $5,000.00 .

18. Except for Class Members who requested exclusion (Exhibit A), all Class Members

shall be bound by all the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in the Action concerning the Settlement.

19. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Action or of any liability, fault of wrongdoing of any kind.

20. Nothing in this Order shall be construed as a finding on the merits of any claim or defense. This Order shall not be given issue preclusive or "collateral estoppel" effect so as to establish that any claim or fact alleged in the Complaint was actually litigated or necessarily determined in this Action.

21. Final Judgment is hereby entered in this Action consistent with the terms of the Settlement Agreement.

IT IS SO ORDERED

/s/ F. Dennis Saylor, IV
Judge, United States District Court

Dated:3/27/2025